978 F.2d 716
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Lavell Rondell JOHNSON, Defendant-Appellant.
 No. 91-15863.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 22, 1992.*
Decided Oct. 26, 1992.
 
 Before BEEZER, CYNTHIA HOLCOMB HALL and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Lavell Rondell Johnson, a federal prisoner, appeals pro se the district court's denial of his 28 U.S.C. § 2255 motion. We review de novo, United States v. Angelone, 894 F.2d 1129, 1130 (9th Cir.1990), and we affirm.
 
 
 3
 In May 1985, Johnson was charged with four counts of armed bank robbery in violation of 18 U.S.C. § 2113(a) & (d). Each count also charged Johnson with possession of a firearm during the commission of a crime of violence in violation of 18 U.S.C. § 924(c). On September 3, 1985, pursuant to a plea agreement with the government, Johnson pleaded guilty to Count III of the indictment which alleged both armed robbery and the use of a firearm during the commission of a violent crime. In exchange for Johnson's plea of guilty, the government agreed to dismiss the remaining counts of the indictment.
 
 
 4
 Johnson contends that he did not knowingly and voluntarily plead guilty to the section 924(c) enhancement. Johnson asserts that he pleaded guilty only because he believed all of the section 924(c) charges would be dismissed pursuant to the plea agreement. These contentions lack merit.
 
 
 5
 To comport with due process, a guilty plea must be voluntary and intelligent. Boykin v. Alabama, 395 U.S. 238, 242-43 (1969). The defendant must be aware of the nature and elements of the charges against him and the possible punishment he faces. Id. In assessing the voluntariness of a guilty plea, statements made by the defendant contemporaneously with his plea should be accorded great weight. Chizen v. Hunter, 809 F.2d 560, 562 (9th Cir.1986) (citing Blackledge v. Allison, 431 U.S. 63, 73-74 (1977)). "Contentions that in the face of the record are wholly incredible are subject to summary dismissal." Blackledge, 431 U.S. at 74.
 
 
 6
 In the written plea agreement, Johnson acknowledged that Count III of the indictment involved a 25 year sentence for the armed bank robbery and a 5 year sentence for the section 924(c) firearm charge. Furthermore, during the change of plea proceedings Johnson and his attorney acknowledged that the section 924(c) charge in Count III of the indictment was not being dismissed pursuant to the plea agreement.[1] Moreover, Johnson admitted that he enhanced the underlying crime under section 924(c). Accordingly, the district court properly determined that Johnson's plea was voluntary and intelligent. See Blackledge, 431 U.S. at 74.
 
 
 7
 Johnson's contention that the district court erred by failing to hold an evidentiary hearing also lacks merit. A district court may deny a section 2255 motion without an evidentiary hearing only if the movant's allegations, viewed against the record, either do not state a claim for relief or are so palpably incredible or patently frivolous as to warrant summary dismissal. Marrow v. United States, 772 F.2d 525, 526 (9th Cir.1985); Bauman v. United States, 692 F.2d 565, 570-71 (9th Cir.1982). Because Johnson's claim that his plea of guilty was not knowing and voluntary does not state a claim for relief, an evidentiary hearing was not necessary and the district court properly denied the section 2255 motion.
 
 
 8
 Johnson's contention that the district court erred in denying his request for appointment of counsel also lacks merit. Reviewing for an abuse of discretion, McElyea v. Babbitt, 833 F.2d 196, 199-200 (9th Cir.1987), we find that the absence of "exceptional circumstances" justified the district court's denial of Johnson's motion for appointment of counsel. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir.1986).[2]
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 During the plea proceedings, the following colloquy took place:
 [Government]: For the record, your honor, it's my understanding that the defendant wished to change his plea to Count Three of the indictment and admit the allegations contained therein, including the allegation alleging a violation [of] Title 18, United States Code, section 924(c).
 * * *
 And in exchange for that particular plea the government would move at the time of sentencing to dismiss the other three counts of the indictment against Mr. Johnson
 * * *
 The Court: Is that the agreement?
 [Defense]: That is our understanding, with the additional understanding that at the time the government moves to dismiss the other counts that it will move to dismiss enhancement to that, too.
 [Government]: To the other--the other three counts, but not the ... enhancement on 924(c) as to count three.
 [Defense]: As to Count Three. Yes.
 The Court: All right. Mr. Johnson, do you understand it?
 Johnson: Yes.
 
 
 [2]
 Johnson's motion for appointment of counsel on appeal is denied. Wilborn, 789 F.2d at 1331 (9th Cir.1986)