**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Leroy A. SCHUBERT, Defendant–**
**Appellant.**

**No. 91–10165.**

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 13, 1992 *.

Decided Feb. 24, 1992.

---

* The panel finds this case appropriate for submission without oral argument pursuant to Ninth Circuit Rule 34–4 and Fed.R.App.P. 34(a).

Robert J. Hooker, O'Connor, Cavanaugh, Anderson, Westover, Killingsworth & Beshears, Tucson, Ariz., for defendant-appellant.

Janet K. Martin, Asst. U.S. Atty., Tucson, Ariz., for plaintiff-appellee.

Before GOODWIN, FARRIS and POOLE, Circuit Judges.

FARRIS, Circuit Judge:

Leroy Schubert pled guilty, pursuant to a plea agreement, to attempted possession with intent to distribute 350 pounds of marijuana, in violation of 21 U.S.C. §§ 841(a)(1) and 846. The district court imposed a sentence of twelve and one-half years imprisonment to be followed by sixty months probation, a fine of $25,000.00, and a special assessment of $50.00. Schubert appeals the sentence and fine. We affirm in part and remand.

Schubert argues that it was error for the district court to fail to make findings with respect to his objections to the presentence report. Fed.R.Crim.P. 32(c)(3)(D) requires a district court either to make a finding with respect to each controverted allegation contained in a presentence report or to make a determination that no such finding is necessary because the controverted matter will not be taken into account in sentencing. These findings must be appended to any copy of the report made available to the Bureau of Prisons or the Parole Commission in order to facilitate appellate review and ensure the reliability of the report in the making of critical determinations relating to custody or parole. *United States v. Fernandez-Angulo*, 863 F.2d 1449, 1456 (9th Cir.1988). Strict compli-

ance is mandated: if a district court fails to make the requisite findings or determinations, the case must be remanded. *Id.*

The record indicates that the district court made the required findings. By an addendum attached to the final presentence report, the probation service responded to each of Schubert's challenges to the report's factual assertions. The district court adopted these responses in a Statement of Reasons for Imposing Sentence filed March 8, 1991.

The record, however, does not indicate that the Statement of Reasons has been attached to the presentence report. We therefore remand so that the district court can append its resolution of the disputed issues to the presentence report. The district court can do so by appending a copy of the Statement of Reasons to the presentence report, or by any other means making it clear that the district court has resolved the disputed issues by adopting the probation service's responses.

Schubert contends that the district court erred in increasing his base offense level by two points, pursuant to U.S.S.G. § 3B1.1(c), on the ground that Schubert was an organizer of criminal activity. We reject the contention. There was unchallenged evidence that, in connection with the activity leading to his arrest, Schubert provided Chris Martin, a business associate, with a substantial sum of cash with which to purchase marijuana. Schubert contends that this was merely a "loan," but the district court's contrary determination was not clearly erroneous.

Schubert also contends that the district court erred in departing upward from the guidelines on the basis that his past criminal conduct was inadequately reflected in his criminal history score. In reviewing a sentence, we consider the reasons, both for departure and the extent of departure, actually articulated by the sentencing court. 18 U.S.C. § 3742(e)(3)(B); *United States v. Wells,* 878 F.2d 1232, 1233 (9th Cir.1989).

Referring to evidence of Schubert's extensive history of drug dealing, the dis-

trict court stated that "[t]here is no way that I can treat Mr. Schubert as the ordinary type of first offender...." U.S.S.G. § 4A1.3 authorizes a district court to depart upward when reliable information suggests that the criminal history assessment does not adequately reflect the defendant's past criminal conduct. The district court had reliable information, in the form of case reports and testimony by Martin, that Schubert had engaged in a wide range of drug trafficking activity for which he had not been convicted. Thus, the district court was authorized to depart upward. *United States v. Lira–Barraza,* 941 F.2d 745, 746 (9th Cir.1991) (en banc). The factual findings supporting the district court's decision to depart upward are not clearly erroneous. *See id.* (prescribing clearly erroneous review for factual findings supporting upward departure).

The sole justification given for the precise *extent* of the departure, however, was in error. The district court stated that:

[I]f Mr. Schubert had not had that one sentence set aside or he had been convicted on any of the criminal conduct that I have found him to be involved in, he would be a career criminal now. And in reality he is a career criminal. He has just been lucky that he hasn't been convicted. And, therefore, as I say he would be subject ... to thirty years or longer....

Our recent decision in *United States v. Faulkner,* 952 F.2d 1066 (9th Cir.1991) (amending opinion at 934 F.2d 190), forbids precisely this kind of analogy. *Id.* at 1072–1073 (holding it unreasonable for district court to justify degree of departure by analogy to career offender guidelines when defendant is not a career offender). Because this was the sole justification given for the extent of the departure, we must remand for an adequate explanation of the degree of departure. *Id.* at 1071 (citing *United States v. Cervantes Lucatero,* 889 F.2d 916, 919 (9th Cir.1989). Under § 4A1.3, the proper approach is to seek

guidance by analogy to the criminal history categories.

Finally, Schubert argues that the district court improperly refused to consider his indigency when it imposed a $25,-000.00 fine. The contention is meritless. The presentence report on which the district court based its sentence contained information regarding Schubert's financial status. Although it suggests that Schubert has a negative net worth, it also contains information at paragraph 31, challenged but resolved in favor of the probation service, that Schubert has access to substantial, undisclosed funds. The fact that the district court resolved the conflicting information against Schubert does not mean that the district court improperly refused to consider evidence of his indigency.

AFFIRMED IN PART AND REMANDED.