5 F.3d 544
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
John Stanley WRYN, Defendant-Appellant.
 No. 92-30267.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 12, 1993.*
Decided Aug. 25, 1993.
 
 Appeal from the United States District Court for the District of Montana; No. CR-90-40-PGH, Paul G. Hatfield, District Judge, Presiding.
 D.Mont.
 AFFIRMED AND REMANDED.
 Before: CANBY, WIGGINS, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM **
 
 DESTRUCTION OF THE LSD
 
 2
 The burden of proof at sentencing is preponderance of the evidence. United States v. Restrepo, 946 F.2d 654 (9th Cir.1991) (en banc), cert. denied, 112 S.Ct. 1564 (1992). The sentencing court may rely on relevant information "provided that the information has sufficient indicia of reliability to support its probable accuracy." Sentencing Guidelines Policy Statement Sec. 6A1.3(a), quoted in United States v. Upshaw, 918 F.2d 789, 791 (9th Cir.1990), cert. denied, 111 S.Ct. 1335 (1991). Here the testimony received at the prior trial was sufficiently reliable to form the basis of a decision as to the quantity of LSD involved.
 
 
 3
 The destruction of the LSD after the first trial did not deprive Wryn of his due process rights. He had the opportunity to rebut the quantity of drugs stated in the presentence report, and did not do so. The fact that he could not physically reweigh the LSD did not deprive him of the opportunity to attack the quantity determination by other means.
 
 FINDINGS BY THE DISTRICT COURT
 
 4
 The district court adopted the conclusions of the presentence report. This was sufficient to meet the command of Rule 32(c)(3)(D), Federal Rules of Criminal Procedure, to make findings as to "each matter controverted." See United States v. Schubert, 957 F.2d 694, 696 (9th Cir.1992). However, Rule 32 also requires that "[a] written record of such findings and determinations ... be appended to ... the presentence investigation report." This was not done in this case and the case must be remanded to allow the district court to do so. United States v. Conkins, 987 F.2d 564, 573 (9th Cir.1993).
 
 
 5
 The judgment is AFFIRMED and the case is REMANDED to the district court with instructions to append its findings to a copy of the presentence report and forward it to the Bureau of Prisons.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3