8 F.3d 31
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Rosario HIGUERA-ROCHA, Defendant-Appellant.
Tirzo Acosta GASTELUM, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 Nos. 91-10579, 92-15762.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 1, 1993.*
Decided Sept. 30, 1993.
 
 Before: FARRIS, POOLE and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Rosario Higuera-Rocha appeals his sentence under the United States Sentencing Guidelines ("U.S.S.G."), following his conviction on a guilty plea, for one count of conspiracy to distribute heroin and cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 846. We have jurisdiction over this timely appeal pursuant to 28 U.S.C. § 1291, and we affirm, but remand for the district court to append the sentencing transcript to the presentence report.
 
 
 3
 Tirzo Acosta Gastelum appeals pro se the district court's denial of his 28 U.S.C. § 2255 motion challenging his conviction, following a guilty plea, for one count of conspiracy to distribute heroin and cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 846. We have jurisdiction over this timely appeal pursuant to 28 U.S.C. § 2255, and we affirm.
 
 
 4
 * Higuera-Rocha contends that the district court erred by imposing a sentence at the high end of the guidelines range for his role in the offense because it already had increased his offense level for his role in the offense under U.S.S.G. § 3B1.1(c). We disagree.
 
 
 5
 Ordinarily, this court lacks jurisdiction to review a sentence imposed within the applicable guidelines range. United States v. Reed, 914 F.2d 1288, 1290 (9th Cir.1990). Under 18 U.S.C. § 3553(c), however, a district court must state its reasons for imposing a sentence at a particular point in the guidelines range if the range exceeds 24 months. United States v. Upshaw, 918 F.2d 789, 792 (9th Cir.1990) (applying 18 U.S.C. § 3553(a)), cert. denied, 111 S.Ct. 1335 (1991).
 
 
 6
 Here, the district court accepted the parties' understanding regarding the base offense level, thereby giving Higuera-Rocha the benefit of doubt regarding the quantity of drugs involved in the offense. It then sentenced him to the high end of the range to reflect the seriousness of the crime and his role in it. This comports with the requirements of Upshaw and was based on factors properly considered under 18 U.S.C. § 3553(a). See Upshaw, 918 F.2d at 792. Nothing in the Guidelines limits a sentencing court's decision to sentence at a particular point in the guidelines range to factors not previously considered in calculating the base offense level.
 
 
 7
 Higuera-Rocha also contends that the district court failed to resolve disputed issues in the presentence report regarding the quantity of drugs. This contention fails.
 
 
 8
 Under Fed.R.Crim.P. 32(c)(3)(D), if a defendant challenges the factual accuracy of any matter in the presentence report, the district court must make either a factual finding concerning the disputed matter or a determination that no finding is necessary because the controverted matter will not be taken into account in sentencing. United States v. Fernandez-Angulo, 897 F.2d 1514, 1516 (9th Cir.1990) (en banc). An express adoption of the position of the presentence report is a sufficient finding regarding disputed facts. Upshaw, 918 F.2d at 792.
 
 
 9
 Strict compliance with Rule 32 is required, and failure to comply requires remand for resentencing. Fernandez-Angulo, 897 F.2d at 1516; see United States v. Schubert, 957 F.2d 694, 695 (9th Cir.1992). A written record of the findings or determinations must be appended to the presentence report. Id. If the district court announces its findings during sentencing but fails to attach written findings to the presentence report, this technical violation of Rule 32 is only a "ministerial error" that does not require resentencing. Fernandez-Angulo, 897 F.2d at 1517. Instead, the technical violation is corrected by remand to the district court to allow it to append the required findings or determinations to the presentence report. Id.; see Doganiere v. United States, 914 F.2d 165, 169-70 (9th Cir.1990) (district court may attach portions of sentencing transcript containing the findings or determinations), cert. denied, 111 S.Ct. 1398 (1991).
 
 
 10
 Here, the parties stipulated in the plea agreement to the quantity of drugs involved, which resulted in a base offense level of 32 under U.S.S.G. §§ 2D1.1 and 2D1.4, the relevant sentencing guidelines. This stipulation was not binding on the sentencing court, and accordingly, the probation officer calculated a higher quantity, which resulted in a base offense level of 36. Both parties objected, and the district court adopted the plea agreement, which is is a sufficient finding for purposes of Rule 32. See Upshaw, 918 F.2d at 792.
 
 
 11
 The district court, however, failed to append a written record of its factual findings to the presentence report. See Schubert, 957 at 695. Accordingly, we remand to the district court to allow it to append the portions of the transcript containing its findings to the presentence report and forward it to the Bureau of Prisons. See Doganiere, 914 F.2d at 169-70; Fernandez-Angulo, 897 F.2d at 1517.
 
 II
 
 12
 Gastelum contends that he was denied the effective assistance of counsel when his trial counsel retained a prospective government witness as an interpreter, which he argues is an impermissible conflict of interest and per se ineffective assistance. We disagree.
 
 
 13
 Gastelum's counsel retained Hector Arenas to act as an interpreter during counsel's private meetings with Gastelum, who speaks only Spanish. In all appearances before the district court, however, the court's official interpreter conducted the interpretation. Although Arenas's name appeared on a government witness list in a coconspirator's case, the witness list was filed on July 2, 1991, several days after Gastelum entered his guilty plea. Gastelum presented no evidence that his counsel was aware that Arenas was a potential witness either in Gastelum's case or in his coconspirator's case. Accordingly, Gastelum did not demonstrate that his counsel actively represented conflicting interests or that an actual conflict of interest adversely affected his counsel's performance. See Mannhalt v. Reed, 847 F.2d 576, 579 (9th Cir.), cert. denied, 488 U.S. 908 (1988).
 
 
 14
 Gastelum also argues that even if he has not established per se ineffective assistance of counsel based on a conflict of interest, he has demonstrated that his counsel's performance was ineffective under Strickland v. Washington, 466 U.S. 668 (1984). Because Gastelum presented no evidence showing that his counsel knew that Arenas was a potential witness, he has not demonstrated that his counsel's performance was deficient, and his claim fails. See Strickland, 466 U.S. at 689.
 
 
 15
 Gastelum also contends that his guilty plea was involuntary because Arenas promised him a five-year sentence and threatened that his wife would lose her job. He also contends that he did not understand the elements of the offense.
 
 
 16
 To comport with the guarantees of due process, a guilty plea must be voluntary and intelligent. Boykin v. Alabama, 395 U.S. 238, 242-43 (1969). Voluntariness can be determined only by examining all of the circumstances surrounding the plea and cannot be presumed from a silent record. Brady v. United States, 397 U.S. 742, 749 (1970); Boykin, 395 U.S. at 243. The accused must be aware of the nature and elements of the charges against him and the possible punishment he faces. Boykin, 395 U.S. at 242-43. "It may be appropriate to presume in most cases defense counsel routinely explain the nature of the offense in sufficient detail to give the accused notice of what he is being asked to admit." Henderson v. Morgan, 426 U.S. 637, 647 (1976); see United States v. Newman, 912 F.2d 1119, 1124 (9th Cir.1990); United States v. Bigman, 906 F.2d 392, 394 (9th Cir.1990); accord Marshall v. Lonberger, 459 U.S. 422, 436-37 (1983).
 
 
 17
 In assessing the voluntariness of a plea, statements made by the defendant in open court carry a strong presumption of verity. Chizen v. Hunter, 809 F.2d 560, 562 (9th Cir.1986).
 
 
 18
 We reject Gastelum's contention that his plea was involuntary because Arenas promised him a five-year sentence. Even assuming that Arenas mistranslated the plea agreement that Gastelum signed, the district court asked Gastelum during the plea proceeding if he understood that "the Court can sentence you up to life and must sentence you to ten years in jail [the statutory mandatory minimum sentence]," and Gastelum responded that he understood. This cured any error. Moreover, this is not a "secret plea" agreement requiring an evidentiary hearing. See United States v. Espinoza, 866 F.2d 1067, 1069-70 (9th Cir.1989); Watts v. United States, 841 F.2d 275, 277 (9th Cir.1988). Gastelum alleges only a mistranslation, which, even if intentional, was cured by the district court's statements during the plea proceedings.
 
 
 19
 We also reject Gastelum's contention that his plea was coerced by Arenas's alleged threat that his wife would lose her job at the IRS if he did not plead guilty. During the plea proceedings, the district court asked Gastelum if any one had made any promises or threats to get him to plead guilty, and Gastelum responded that no threats or promises had been made. Gastelum's statements are accorded a presumption of verity, see Chizen, 809 F.2d at 562, and his allegations regarding coercion do not overcome this presumption. An evidentiary hearing was not required because the record was sufficient to evaluate his claim. See Watts, 841 F.2d at 277; see also United States v. Mims, 928 F.2d 310, 312-23 (9th Cir.1992) (district court entitled to give greater presumption to defendant's declarations in open court than to version of plea negotiations raised in subsequent section 2255 motion and accompanying affidavit in the absence of evidence in the record substantiating defendant's version).
 
 
 20
 Finally, we reject Gastelum's contention that he was not aware of the elements of the offense to which he pleaded guilty. Gastelum essentially argues that he "had only spoken with counsel, vis a vis, Hector Arenas, surrounding the import of a guilty plea." During the plea proceeding, however, the district court discussed the nature of the offense to which Gastelum pleaded guilty, including the factual basis for his plea. Even assuming Arenas mistranslated the plea agreement and the presentence report, the colloquy in the district court cured any error.
 
 III
 
 21
 We AFFIRM the district court's judgment in Higuera-Rocha, but we REMAND to allow the district court to append the sentencing transcript to the presentence report and forward it to the Bureau of Prisons. The district court's judgment in Gastelum is AFFIRMED.
 
 
 22
 AFFIRMED and REMANDED with instructions.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, Gastelum's motion for appointment of counsel is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3