26 F.3d 135
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Hugo VIZCARRA, Defendant-Appellant.
 No. 93-10104.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Feb. 10, 1994.
Decided June 6, 1994.
 
 1
 Before: ALARCON, FERNANDEZ, Circuit Judges, and HILL,* District Judge
 
 
 2
 MEMORANDUM**
 
 
 3
 Appellant Hugo Vizcarra ("Vizcarra") appeals from a jury conviction on one count of possession of marijuana with intent to distribute, and one count of conspiracy to possess marijuana with intent to distribute. Vizcarra was the supplier in a marijuana sale, which involved a buyer (Ernie Lopez) and a DEA informant acting as a middleman (Frank Rendon). Vizcarra raises four bases of error; we affirm the district court on all grounds.
 
 
 4
 I. THE DISTRICT COURT DID NOT ERR WHEN IT FOUND PROBABLE
 
 
 5
 CAUSE FOR THE SEARCH WARRANT.
 
 
 6
 Vizcarra contends that evidence seized pursuant to a warrant should have been suppressed at trial because the warrant lacked probable cause. The marijuana in the transaction was transferred between Vizcarra and the ultimate buyer through a "load vehicle." Vizcarra loaded a car with marijuana and left it for the middleman, who ultimately had the car picked up by the buyer (Lopez). After the car was picked up, DEA agents searched the trunk pursuant to a warrant issued on a tip from a confidential informant, and found 105 pounds of marijuana. Vizcarra argues that because the warrant for the car lacked probable cause, the district court should have suppressed the evidence seized under that warrant. We will not reverse a magistrate's determination of probable cause absent a finding of clear error. United States v. Schmidt, 947 F.2d 362, 371 (9th Cir.1991); accord United States v. Dozier, 844 F.2d 701, 706 (9th Cir.1991), cert. denied, 488 U.S. 927 (1988).
 
 
 7
 A. Probable Cause.
 
 
 8
 Vizcarra argues that the affidavit supporting the search warrant issued for the load vehicle lacked probable cause. A magistrate's determination of probable cause is "treated with great deference and is not reviewed de novo." United States v. Alexander, 761 F.2d 1294, 1300 (9th Cir.1985); see also United States v. Seybold, 726 F.2d 502, 503 (9th Cir.1984). The duty of a reviewing court is "simply to ensure that the magistrate had a 'substantial basis for concluding that probable cause existed.' " Seybold, 726 F.2d at 503 (quoting Illinois v. Gates, 462 U.S. 213 (1983)). This circuit applies the flexible "totality of the circumstances" test prescribed by the Supreme Court in Illinois v. Gates, 462 U.S. 213 (1983). In making a determination of probable cause when an officer relies on an informant in the supporting affidavit, a magistrate makes a determination in the following manner: "Evidence bearing on the veracity of the informant and his basis of knowledge is considered together with other relevant evidence in making the probable cause determination based on the totality of the circumstances." United States v. Angulo-Lopez, 791 F.2d 1394, 1396 (9th Cir.1986).
 
 
 9
 Vizcarra argues that the affidavit fails to indicate the veracity or reliability of the informant. Nevertheless, in this case, there were two separate bases for the magistrate to conclude that the informant was reliable. First, the agents corroborated several of the informant's allegations. See Angulo-Lopez, 791 F.2d at 1397. The informant told the agents that a Mercury would be parked at the Cottonwood Lane address, that a Mexican male would show the informant the location of the Mercury, that the car would be moved to an unknown location, and that when the persons had moved the car, they would leave the house for a period of time before unloading it. All of these allegations were corroborated by agents before they requested the search warrant. Second, the agents indicated that the informant had been cooperating with the agents for two months, and that during this period of time the informant had provided accurate information. See id. Although two months is not an overwhelming track record, when viewed in conjunction with the corroborated tips, it forms a substantial basis for concluding that the informant was telling the truth about the transactions involved.
 
 
 10
 Vizcarra argues that the informant's corroborated tips described innocuous conduct, and did not detail criminal activity. To establish probable cause, an affidavit must set forth the "underlying circumstances that led the informant to believe that a criminal activity was occurring; a mere conclusory allegation that a suspect was engaging in criminal activity is insufficient." Angulo-Lopez, 791 F.2d at 1397. The fact that the DEA corroborated some, but not all, of the informant's allegations does not undercut the magistrate's findings of probable cause. Corroboration is important only insofar as it indicates the reliability of the informant. The informant stated that the Mercury was loaded with marijuana, and that the marijuana would later be processed. The fact that the agents did not corroborate these statements is not fatal to the viability of this warrant. The totality of the circumstances indicated that the informant was reliable, and that he had detailed knowledge of the events involved in the transaction. The magistrate's findings and the district court's approval of those findings were not clearly erroneous.
 
 
 11
 In view of the totality of the circumstances, the magistrate had a substantial basis for concluding that probable cause existed. Therefore, the district court properly denied Vizcarra's motion to suppress evidence seized in reliance on the warrant.
 
 
 12
 B. Standing.
 
 
 13
 The government contends that Vizcarra lacks standing to challenge the validity of the warrant. However, both parties concede that the issue of standing was not adjudicated by the district court. Moreover, a review of the record below confirms that the only ruling on Vizcarra's motion to suppress was on the merits. Therefore, because the issue of standing was not sufficiently raised in the trial court, this Court will not review it on appeal. See Whittaker Corp. v. Execuair Corp., 953 F.2d 510, 515 (9th Cir.1992). Additionally, because we affirm the district court on the merits of Vizcarra's motion to suppress, the government's standing claim is moot.
 
 
 14
 II. THE DISTRICT COURT DID NOT ERR IN ADMITTING THE
 
 
 15
 STATEMENT OF A CO-CONSPIRATOR.
 
 
 16
 Vizcarra argues that the district court erred in admitting the out-of-court statements of Ernie Lopez, whom the court found to be a co-conspirator. We review the district court's decision to admit a co-conspirator's statement into evidence for abuse of discretion. United States v. Garza, 980 F.2d 546, 553 (9th Cir.1992). However, we review for clear error the district court's underlying factual findings that a conspiracy existed and that the statements were made in furtherance of the conspiracy. United States v. Arambula-Ruiz, 987 F.2d 599 (9th Cir.1993); United States v. Peralta, 941 F.2d 1003, 1006 (9th Cir.1991), cert. denied, 112 S.Ct 1484 (1992).
 
 
 17
 Under the Federal Rules of Evidence, a court may admit the statement of a co-conspirator against a defendant as non-hearsay. Fed.R.Evid. 801(d)(2)(E). Before admitting such a statement, the district court must find the following: first, "that there was a conspiracy involving the declarant and the nonoffering party," and second, "that the statement was made during the course of and in furtherance of the conspiracy." Bourjaily v. United States, 483 U.S. 171, 175 (1987).
 
 
 18
 Vizcarra admits that the government laid a sufficient foundation to establish that Vizcarra and Lopez were co-conspirators. Furthermore, although the trial court made no express findings, there was ample evidence to suggest that Lopez had reason to know the scope of the conspiracy. This is sufficient to establish that Vizcarra and Lopez were co-conspirators, even if Lopez did not know that Vizcarra was the particular source for the marijuana. United States v. Abushi, 682 F.2d 1289, 1293 (9th Cir.1982). Rendon did not deliver the marijuana to Lopez immediately; rather, Rendon arranged a complex transaction involving a load vehicle. Furthermore, Lopez had reason to know that Rendon was getting the marijuana from a supplier, because Rendon was not a grower of marijuana. Simply put, the marijuana had to come from some source. Thus, even if Lopez did not know that Vizcarra was Rendon's particular source at the time he made the statements, the government met its burden of linking Lopez to the conspiracy, because Lopez had reason to know that Rendon had a supplier.
 
 
 19
 Vizcarra contends that because Lopez did not know Vizcarra was the supplier when he made the statement, it cannot be in furtherance of the conspiracy. Nevertheless, Rendon's testimony provides a sufficient basis for a finding that Lopez's statement was made in furtherance of the conspiracy. Lopez's statements dealt with the intended disposition of the marijuana; Lopez told Rendon his plans for the packaging, distribution, and transport of the marijuana. Because the object of the conspiracy was a drug transaction, these statements are in furtherance of the conspiracy. See United States v. Zavala-Serra, 853 F.2d at 1516. The mere fact that Lopez did not know the name of Rendon's supplier when he made the statements is irrelevant. Id. Because Lopez's statements were indeed in furtherance of the conspiracy when he made them, they are admissible.
 
 
 20
 The district court's findings are not clearly erroneous, and the court acted within its discretion when it admitted Lopez's statements.
 
 
 21
 III. THE DISTRICT COURT PROPERLY DENIED VIZCARRA A TWO-LEVEL
 
 
 22
 REDUCTION FOR ACCEPTANCE OF RESPONSIBILITY.
 
 
 23
 Vizcarra contends that the district court erred in denying him a two-level reduction in his offense level for acceptance of responsibility. Section 3E1.1 of the United States Sentencing Guidelines ("the Guidelines") allows a district judge to "decrease the offense level by 2 levels" if "the defendant clearly demonstrates acceptance of responsibility for his offense." U.S.S.G. Sec. 3E1.1. Whether a defendant has accepted responsibility for his crime is a factual determination, and this circuit applies a clearly erroneous standard of review. United States v. Gonzales, 897 F.2d 1018 (9th Cir.1990). Because of the sentencing judge's unique position in evaluating a defendant's acceptance of responsibility, the judge's determination is entitled to great deference on review. United States Sentencing Commission, Guidelines Manual Sec. 3E1.1 commentary n. 5 (Nov. 1993) (hereinafter "U.S.S.G.").
 
 
 24
 Vizcarra offers several reasons why the district court erred in failing to find that he accepted responsibility. First, Vizcarra only went to trial to preserve his challenge to the validity of the warrant. However, while the guidelines allow a judge to find that a defendant who proceeds to trial to preserve a constitutional challenge still warrants the reduction, that decision is still left to the judge, and this Court gives that decision great deference. U.S.S.G. Sec. 3E1.1 commentary n. 5. In this case, there was ample evidence to justify the district court's denial of the reduction. First, Vizcarra denied any responsibility in his discussions with his probation officer. Second, during the sentencing hearing, the court noted that as the prosecutor recited the facts of the case, Vizcarra was "shaking his head that that's not true, that he didn't agree with those things." The sentencing judge made an evaluation of Vizcarra's acceptance of responsibility, and there is no basis to find that determination clearly erroneous.
 
 
 25
 Vizcarra's other arguments similarly are unavailing. Vizcarra argues that he was entitled to the reduction because he did not testify at his trial. Nevertheless, Vizcarra's decision not to testify likely was based on tactical considerations by his trial counsel, and did not evidence an acceptance of the government's case. Furthermore, if Vizcarra truly "accepted" the government informant's testimony, then he would not have shaken his head as the prosecutor recited the facts of the offense. Vizcarra also argues that he did not flee to Mexico when he had the opportunity. Vizcarra's decision not to flee to Mexico may reflect good judgment, but a defendant's decision to refrain from additional criminal conduct certainly is not what the Sentencing Commission had in mind when it allowed a reduction for acceptance of responsibility. Finally, Vizcarra notes that he seriously contemplated accepting a plea bargain. Nonetheless, a defendant's mere contemplation of a plea bargain is insufficient to constitute acceptance of responsibility.
 
 
 26
 The trial court's findings are not clearly erroneous, and in light of the deference this Court gives to the decision of the sentencing judge, the district court should be affirmed.
 
 
 27
 IV. THE DISTRICT COURT DID NOT ERR WHEN IT ASSESSED A
 
 
 28
 TWO-LEVEL ENHANCEMENT FOR VIZCARRA'S ROLE AS AN
 
 
 29
 ORGANIZER AND LEADER.
 
 
 30
 Vizcarra contends that the district court erred in assessing a two level enhancement to Vizcarra's offense level. Whether or not a defendant is an organizer or leader of a criminal activity is a question of fact, and this Court applies a clearly erroneous standard of review. United States v. Mares-Molina, 913 F.2d 770, 773 (9th Cir.1990); United States v. Schubert, 957 F.2d 694, 696 (9th Cir.1992).
 
 
 31
 Section 3E1.1 of the United States Sentencing Guidelines ("the Guidelines") provides that a district court may increase a defendant's offense level by two levels "if the defendant was an organizer, leader, manager, or supervisor in any criminal activity...." U.S.S.G. Sec. 3B1.1(c). At the sentencing hearing, the district court found that Vizcarra was the owner and controller of the marijuana.
 
 
 32
 Vizcarra's actions were consistent with the actions of an organizer and leader. Vizcarra contacted the government informant, Rendon, on several occasions, and indicated his interest in setting up a deal. Vizcarra supplied Rendon with marijuana free of charge for resale to others. Vizcarra picked up a vehicle from Rendon and loaded it with marijuana, and offered to get more marijuana for Rendon if Rendon needed it. Although this conspiracy was not immense, Vizcarra's role within the conspiracy was prominent.
 
 
 33
 The record supports the district court's findings, and the sentence should be affirmed.
 
 
 34
 AFFIRMED.
 
 
 
 *
 Honorable Irving Hill, Senior United States District Judge for the Central District of California, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3