38 F.3d 1218
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Larry L. CAMPBELL, Defendant-Appellant.
 No. 92-50089.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 7, 1994.*
Decided Oct. 19, 1994.
 
 Before: SCHROEDER, FERGUSON, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Larry L. Campbell pled guilty to one count of interstate transfer of falsely made securities (automobile title documents), 18 U.S.C. Sec. 2314, possession of counterfeit certificates of title, 18 U.S.C. Sec. 513, and knowing and willful tampering with odometers, 15 U.S.C. Secs. 1984, 1990c. He now appeals several aspects of his 46 month sentence. We have jurisdiction, 28 U.S.C. Sec. 1291, and affirm.
 
 
 3
 * Campbell claims that the district court violated Fed. R. Crim. P. 32(c) (3) (D) and U.S.S.G. Sec. 6A1.3 by failing to make findings on factual disputes as to the number of vehicles, the amount of the odometer rollbacks, and the loss on each vehicle as determined in the Presentence Report. With one exception that is not pertinent, the district court accepted the PSR after considering Campbell's objection, the probation officer's response, and the government's sentencing memorandum. The court gave defense counsel the opportunity at the sentencing hearing to add to his objections, but no additions were made. This suffices to meet the "express findings" requirements of Rule 32 and the Sentencing Guidelines. United States v. Schubert, 957 F.2d 694, 695-96 (9th Cir. 1992); United States v. Rigby, 896 F.2d 392, 394 (9th Cir. 1990).
 
 
 4
 Nor can we say that the district court clearingly erred in the finds it accepted. While Campbell now suggests that the PSR overstated the number of vehicles whose odometers he rolled back as well as the estimated average number of miles rolled back, and improperly relied on the resource guide, Galves Wholesale Pricing Figures, to determine the loss attributable to the rollbacks, he offered nothing to the contrary except his own opinion of how many vehicles were tampered with and the amount of his average reconditioning expenses. Because his objections were conclusory and unsubstantiated, the district court did not commit clear error in computing the loss caused by Campbell's odometer fraud based on the PSR.
 
 II
 
 5
 Campbell argues that the district court also erred in its loss calculation by failing to factor in improvements he made to the vehicles, relying on United States v. Alborz, 818 F.Supp. 1306 (N.D. Cal. 1993), in which the court considered the value added from reconditioning work to cars whose odometers had been rolled back. While Campbell did submit at sentencing that reconditioning expenses made his profit less than the PSR calculated, he never argued that the PSR's estimate of loss to the buyer should be reduced by any particular figure and presented no substantial evidence of the extent to which the reconditioning added value. On this record, we cannot say that the district court clearly erred in refusing to grant Campbell credit for the cost of disguising the vehicles' altered mileage.
 
 III
 
 6
 Next, Campbell argues that the district court failed to give sufficient reasons for imposing the 46 month sentence within the guidelines range of 37 to 46 months. 18 U.S.C. Sec. 3553(c). However, no statement of reasons for a particular sentence within the guidelines range is required when, as here, the range between the minimum and maximum prescribed by the guidelines does not exceed 24 months. United States v. Howard, 894 F.2d 1085, 1092 (9th Cir. 1990).
 
 IV
 
 7
 Finally, Campbell argues that the "relevant conduct" provisions of the guidelines exceed the rulemaking authority of the Sentencing commission and violate due process. We have already rejected these arguments. United States v. Wong, 2 F.3d 927, 929-30 (9th Cir. 1993), cert. denied, 114 S.Ct. 2705 (1994).
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for dedision without oral argument. Fed. R. App. P. 34(a); 9th Cir. R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit exept as provided by 9th Cir. R. 36-3