76 F.3d 390
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jon Russell SIMPSON, Defendant-Appellant.
 No. 95-10120.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 6, 1995.*
Decided Dec. 11, 1995.
 
 Before: SNEED, TROTT, and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Jon Russell Simpson appeals his 151-month sentence imposed following entry of a guilty plea to conspiracy to import crystal methamphetamine, in violation of 21 U.S.C. § 963. Simpson contends that the district court erred by: (1) finding that he was a manager or supervisor of five or more participants in the conspiracy, and (2) upwardly adjusting his offense level three points under U.S.S.G. § 3B1.1 for his supervisory role based upon insufficient factual findings. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 3
 We review the district court's determination that a defendant was a manager or supervisor under section 3B1.1 for clear error. United States v. Ponce, 51 F.3d 820, 826 (9th Cir.1995). We review the district court's interpretation and application of the Sentencing Guidelines de novo. United States v. Demers, 13 F.3d 1381, 1382 (9th Cir.1994).
 
 
 4
 The Guidelines provide for a three-level upward adjustment "[i]f the defendant was a manager or supervisor ... and the criminal activity involved five or more participants or was otherwise extensive...." U.S.S.G. § 3B1.1(b). For an increase to be appropriate, there must be a preponderance of evidence that the defendant exercised control or was responsible for managing others in the commission of the offense. United States v. Mares-Molina, 913 F.2d 770, 773 (9th Cir.1990). "The district court need not make specific findings of fact in support of an upward role adjustment." Ponce, 51 F.3d at 826.
 
 
 5
 First, the district court's finding that Simpson managed other participants is not clearly erroneous. Contrary to Simpson's contention, a defendant need only manage one other participant to receive an adjustment for his role as a manager or supervisor. See U.S.S.G. § 3B1.1, comment. (n. 2); United States v. Helmy, 951 F.2d 988, 997 (9th Cir.1991) (holding that an adjustment under section 3B1.1(b) is appropriate if the defendant managed or supervised at least one other participant in the offense), cert. denied, 504 U.S. 945 (1992). At the sentencing hearing, the government produced evidence that Simpson had supervised several other individuals involved in the conspiracy. An FBI agent testified that various individuals who had worked for Simpson in the past year pleaded guilty to distributing drugs that they obtained from Simpson. The FBI agent also testified that Simpson recruited several individuals, including his brother to distribute his share of the methamphetamine. Therefore, the district court did not clearly err by finding that Simpson was a manager or supervisor of a drug conspiracy. See Helmy, 951 F.2d at 997.
 
 
 6
 Second, the sentencing court made sufficient factual findings to support Simpson's upward adjustment for his role as a manager or supervisor. The presentence report states that Simpson was brought into the conspiracy because he had an established drug distribution network in Guam. See United States v. Avila, 905 F.2d 295, 298-99 (9th Cir.1990) (finding that defendant was an "organizer or leader" based upon the presentence report characterization of defendant as a "heavy drug dealer"). In addition, Simpson's plea agreement established that he contributed $8,000 towards the purchase of the methamphetamine. See United States v. Schubert, 957 F.2d 694, 696 (9th Cir.1992) (finding enhancement appropriate where defendant provided a substantial sum of money to purchase drugs). At the sentencing hearing, an FBI agent testified that Simpson distributed 20 grams, and disbursed an additional 10 grams to his brother for distribution. See Avila, 905 F.2d at 299 (finding enhancement appropriate where defendant coordinated procurement and distribution of drugs). Therefore, the district court properly granted an upward adjustment under section 3B1.1(b) based upon sufficient factual findings. Id.
 
 
 7
 Accordingly, the district court did not err by enhancing Simpson's base offense level for his role as a manager or supervisor in the conspiracy. See Ponce, 51 F.3d at 827; Avila, 905 F.2d at 299.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3