139 F.3d 909
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
United States of America, Plaintiff-Appellee,
v.
Leroy A. SCHUBERT, Defendant-Appellant.
 No. 97-10070.
 D.C. No. 90-00228-ACM.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Dec. 10, 1997.
Decided Feb. 25, 1998.
 
 Appeal from the United States District Court for the District of Arizona Alfredo C. Marquez, District Judge, Presiding.
 Before BRIGHT,** FLETCHER, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 In United States v. Schubert, 957 F.2d 694 (9th Cir.1992), we remanded to the district court Leroy Schubert's sentence of twelve and one-half years, a substantial upward departure from the sentencing guidelines. We stated that the district court's factual findings supporting the upward departure were not clearly erroneous because reliable information suggested that the criminal history assessment did not adequately reflect Schubert's past criminal conduct. Id. at 696; see U.S.S.G. § 4A1.3.
 
 
 3
 However, we held that the district court's sole justification for the precise extent of the departure was in error. Schubert, 957 F.2d at 696. Specifically, the district court analogized Schubert's conduct to that of a career offender, despite the Ninth Circuit's previous ruling that this type of analogy was incorrect. Id. at 696-97; see United States v. Faulkner, 952 F.2d 1066, 1072-73 (9th Cir.), amending opinion, 934 F.2d 190 (9th Cir.1991).
 
 
 4
 Upon remand, the district court analogized Schubert's uncharged conduct as equivalent to prior crimes, which would give a defendant ten criminal history points. The district court then added these ten points to Schubert's actual criminal history points of five, resulting in a total of fifteen criminal history points. The district court determined that these combined points constitute a criminal history category VI and when compared with the offense level of 26, produced a sentencing range of 120-150 months. Thus, the district court again imposed the ceiling sentence as limited by the plea agreement of twelve and one-half years.
 
 
 5
 Schubert attacks this sentence on multiple grounds. We need only consider on this appeal the reliability of the information forming the basis for the upward departure. Previously, we stated:
 
 
 6
 U.S.S.G. § 4A1.3 authorizes a district court to depart upward when reliable information suggests that the criminal history assessment does not adequately reflect the defendant's past criminal conduct. The district court had reliable information, in the form of case reports and testimony by Martin, that Schubert had engaged in a wide range of drug trafficking activity for which he had not been convicted.
 
 
 7
 Schubert, 957 F.2d at 696. Thus, we have already recognized in part the reliability of the information relating to Schubert's actual past criminal activity.
 
 
 8
 The district court assessed the equivalent of ten additional criminal history points as follows:
 
 
 9
 UNCHARGED CRIMINAL CONDUCT POINTS
----------------------------------------------------------------------- ------
(1) January, 1989: Christopher Martin and Leroy A. Schubert supposedly 3
 sold 128 and 300 pounds of marijuana.
 ------
(2) January, 1989: Mr. Martin and Mr. Schubert allegedly sold 128 and 1
 300 pounds of marijuana less than two (2) years from being
 released from prison. The Defendant was sentenced to ten (10)
 years on the charge of Continuing Criminal Enterprise. Mr.
 Schubert was released from custody on March 7, 1988.
 ------
(3) April 24, [1981]: Leroy A. Schubert was sentenced for conspiring 3
 to deliver marijuana. The case numbers were 84"CR"1190,
 81"CR"83, 81"CR"255. Mr. Schubert received five (5) years
 probation, which was later revoked. However, the conviction and
 sentence were vacated on February 25, 1987.
 ------
(4) April 11, 1980: Leroy A. Schubert was arrested for cocaine 3
 possession. Charges were dismissed because the evidence was
 suppressed.
 ------
 TOTAL 10
 ------
 
 
 10
 As we have previously observed, to depart upward based upon an inadequate criminal history assessment requires reliable information. Schubert, 957 F.2d at 695-96. Review indicates that items (1), (2), and (3) rest on reliable information that the criminal conduct had occurred. Schubert does not attack this uncharged criminal conduct as unreliable. However, Schubert claims the January 1989 conduct to which Christopher Martin testified (items (1) and (2)) should not be considered in his sentencing because that conduct was the subject of the dismissed conspiracy count. We determine that no persuasive evidence in the record supports that contention. In fact, in the indictment, the conspiracy related to the dismissed count is alleged to have occurred between May 17, 1990 and May 21, 1990. We therefore reject Schubert's assertion because it relies upon an incorrect factual assertion.
 
 
 11
 However, in assessing the reliability of the April 11, 1980 arrest for cocaine possession (item (4)), the presentence report indicates only the arrest, a dismissal for lack of evidence after suppression of the seized evidence (ten ounces of suspected cocaine in luggage) and Schubert's contention that the luggage belonged to a third party and that Schubert did not know the contents of the luggage. Lacking any affirmative evidence of guilt, the arrest alone cannot be used as uncharged criminal conduct. The policy statement in the Guidelines Manual § 4A1.3 (Adequacy of Criminal History Category ) provides: "a prior arrest record itself shall not be considered under § 4A1.3." U.S.S.G. § 4A1.3, p.s. Thus, we must deduct three points from the fifteen attributed criminal history points. That deduction leaves twelve attributed criminal history points, which constitutes a criminal history category of V, resulting in a guideline sentence of 110-137 months (with an offense level of 26).
 
 
 12
 Accordingly, we VACATE the sentence and REMAND this case for the limited purpose of having the district court resentence Schubert to a prison term of between 110-137 months, as an upward departure based upon reliable information relating to uncharged criminal conduct.
 
 
 
 **
 The Honorable Myron H. Bright, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3