83 F.3d 429
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Alexander HAMPTON, Defendant-Appellant.
 No. 95-10015.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 10, 1996.*
Decided April 12, 1996.
 
 Before: HALL, THOMPSON, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Alexander Hampton appeals his sentence following the entry of a guilty plea to possession with intent to distribute, and distribution of cocaine base in violation of 21 U.S.C. § 841(a)(1), and use of a weapon in narcotics trafficking in violation of 18 U.S.C. § 924(c). Hampton's counsel submitted a brief stating that he found no meritorious issues for review, pursuant to Anders v. California, 386 U.S. 738 (1967). Counsel also filed a motion to withdraw as counsel of record. Hampton filed a supplemental pro se brief. We have jurisdiction under 28 U.S.C. § 1291.[1]
 
 
 3
 Hampton waived his right to appeal or collaterally attack his guilty pleas and sentence. Nevertheless, the waiver is unenforceable in light of the district court's pronouncement that Hampton could appeal his sentence. Therefore, we will consider Hampton's contentions. See United States v. Buchanan, 59 F.3d 914, 917-18 (9th Cir.), cert. denied, 116 S.Ct. 430 (1995).
 
 
 4
 Defense counsel did not raise any issues in his opening brief. Hampton raises four issues in his pro se supplemental brief. First, he contends that he received ineffective assistance of counsel. Ineffective assistance of counsel claims are customarily raised in collateral proceedings because they involve facts outside of the appellate record. United States v. Quintero-Barraza, No. 93-10764, slip op. 3273, 3281 (9th Cir. Jun. 15, 1995). We consider ineffective assistance claims on direct appeal when the appellate record contains sufficient evidence of the facts giving rise to the claim. See id. The record in this case is insufficient to allow review on direct appeal.
 
 
 5
 Second, Hampton contends that his guilty plea was involuntary because he was unaware that he was being sentenced and was not informed of the impact that a term of supervised release would have on his sentence until after the plea was accepted.
 
 
 6
 We review the voluntariness of a guilty plea de novo. United States v. Ullyses-Salazar, 28 F.3d 932, 939 (9th Cir.1994), cert. denied, 115 S.Ct. 1367 (1995). A guilty plea is valid if it is voluntary and intelligent and not the product of coercion, misrepresentation, or improper promises. See United States v. Anderson, 993 F.2d 1435, 1437 (9th Cir.1993). Voluntariness is determined by examining the totality of the circumstances surrounding the guilty plea. Id. We accord great weight to the defendant's statements made in open court contemporaneously with his plea agreement. Id. at 1438 (citing Chizen v. Hunter, 809 F.2d 560, 562 (9th Cir.1986)). A guilty plea may be involuntary " 'if the accused does not understand the nature of the constitutional protections that he is waiving or because he has such an incomplete understanding of the charge that his plea cannot stand as an intelligent admission of guilt.' " Henderson v. Morgan, 426 U.S. 637, 645 n. 13 (1976) (citations omitted); see United States v. Navarro-Botello, 912 F.2d 318, 320 (9th Cir.1990), cert. denied, 503 U.S. 942 (1992). The district court must inform the defendant of the "maximum possible penalty provided by law, including the effect of any special parole or supervised release term," before accepting a guilty plea. United States v. Roberts, 5 F.3d 365, 368 (9th Cir.1993); see Fed.R.Crim.P. 11(c)(1).
 
 
 7
 Hampton does not claim that he did not understand the charges against him. He claims that he did not realize that he was being sentenced. However, the record contains evidence to the contrary. Hampton was present and represented by counsel at the change of plea hearing. At the conclusion of that hearing, the district court announced that sentencing would occur on December 16, 1994, at 9:00 a.m. Hampton's attorney agreed to the date. Similarly, Hampton was present at the sentencing hearing when the district court announced "[t]his is the time and place for the pronouncement of judgment and sentence. Is there any reason why judgment and sentence should not proceed at this time?" Hampton's attorney did not object, and the district court proceeded to sentence the defendant. There was no evidence of protest by Hampton. Moreover, Hampton stated that he had never been treated for mental illness or drug abuse, was not under the influence of drugs or alcohol, and had not consumed any intoxicating agents in the 24 hours prior to the change of plea hearing. Furthermore, Hampton has an extensive criminal record and has been sentenced on several occasions. Hampton cannot allege sufficient facts to support the argument that he was unaware that sentencing would occur on December 16, 1994, or that he did not understand the purpose of the sentencing hearing.
 
 
 8
 At the change of plea hearing, Hampton was informed that the combined maximum penalty of his offenses was 45 years imprisonment, a $2,250,000 fine, a lifetime term of supervised release and a mandatory minimum prison sentence of 10-years to be followed by a 6-year term of supervised release. Hampton was also informed that he faced additional time if he violated the conditions of supervised release, before he entered his guilty plea. The district court sentenced Hampton to an aggregate term of 162 months imprisonment followed by a 5-year term of supervised release. Because Hampton's sentence falls within the maximum possible penalty of which he was advised, and because the district court satisfied the requirements of Rule 11(c)(1), Hampton's guilty plea was voluntary. See Roberts, 5 F.3d at 368.
 
 
 9
 Third, Hampton claims that the government breached the plea agreement by sentencing him to more time than was promised in the agreement. Hampton raises this issue for the first time on appeal. We will not address issues presented for the first time on appeal, unless: (1) the defendant can demonstrate exceptional circumstances why the issue was not raised before the trial court, (2) the new issue arises while the appeal is pending due to a change in the law, or (3) the issue is purely legal and addressing it would not prejudice the opposing party. United States v. Flores-Payon, 942 F.2d 556, 558 (9th Cir.1991). Because Hampton's claim does not fall within any of the three exceptions, we decline to address the issue. See id.
 
 
 10
 Finally, Hampton claims that there were errors in the presentence report. A defendant waives his challenges to the presentence report by failing to object in the district court. See United States v. Hernandez-Rodriguez, 975 F.2d 622, 628 (9th Cir.1992). We review for plain error. Id.
 
 
 11
 At sentencing, the district court asked Hampton if he had received and read a copy of the presentence report, and whether he had an opportunity to discuss it in detail with his attorney. Hampton responded affirmatively. When asked if there were any objections to the contents of the report, Hampton's attorney replied in the negative. Thus, Hampton effectively waived his right to challenge any inaccuracies in the report. Hampton alleges nothing indicating plain error.
 
 
 12
 Our independent review of the record pursuant to Penson v. Ohio, 488 U.S. 75, 83 (1988), discloses no further issues for review. Accordingly, the motion of counsel to withdraw is GRANTED and the judgment is AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.app.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 We have reviewed the appellant's pro se motion to relieve appointed counsel, Michael B. Bigelow, Esq., due to an alleged conflict of interest and Mr. Bigelow's response to the appellant's allegations. We deny the pro se motion for appointment of new counsel