John H. CHIZEN, Petitioner-Appellant,

v.

John J. HUNTER, et al.,
Respondents-Appellees.

No. 85–5814.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Aug. 4, 1986.

Decided Dec. 24, 1986.

Order Feb. 5, 1987.

Stephen B. Sadowsky, Los Angeles, California, for petitioner-appellant.

Jon R. Schlueter, Michael D. Schwartz, Deputy Dist. Attys., Ventura, Cal., for respondents-appellees.

Before ANDERSON, PREGERSON and REINHARDT, Circuit Judges.

J. BLAINE ANDERSON, Circuit Judge:

John H. Chizen (Chizen) appeals the district court's dismissal of his habeas corpus petition. In his petition, Chizen challenges the voluntariness of his nolo contendere plea to a state charge of misdemeanor child molesting. Because we find that Chizen's plea was not voluntary, we reverse and remand to the state district court.

## I. FACTS

Chizen, a physician, was charged with violating Cal.Pen.Code § 647(a) (child molesting) and Cal.Pen.Code § 272 (contributing to the delinquency of a minor). Chizen pleaded nolo contendere ("no contest") to the child molesting charge, and the district attorney moved to dismiss the second

charge. In conjunction with his plea, Chizen initialed and signed a *Tahl-Boykin* waiver form in which he asserted, *inter alia,* that his decision to plead nolo contendere had been made freely and voluntarily and that he understood that "regardless of motions or recommendations [made] by others ... the sentence will be decided solely by the judge."

Prior to sentencing, but after being informed by Judge Hunter that the municipal court would not be bound by any plea agreement, Chizen moved to withdraw his nolo plea on the grounds that the plea had been induced by his attorney's assurance that a plea bargain had been struck and that the maximum sentence that would be imposed for the child molesting charge would be 90 days. The motion to withdraw the plea was summarily denied and the court imposed a jail sentence of 180 days. After exhausting state remedies, Chizen filed a habeas corpus petition in the district court seeking to require the municipal court to permit him to withdraw the plea. Upon a review of the state court record, the district court denied the petition, finding that the plea was voluntarily rendered. This court granted an emergency motion for a stay of the state court proceedings pending disposition of this appeal. Chizen timely appealed the district court's denial of his habeas petition.

## II.  DISCUSSION

### A.  Standard of Review

We review *de novo* a district court's decision on a habeas petition. *Iaea v. Sunn,* 800 F.2d 861 (9th Cir.1986); *Reiger v. Christensen,* 789 F.2d 1425, 1427 (9th Cir.1986). In a habeas proceeding, we give deference to a state court finding of fact, 28 U.S.C. § 2254(d) (1982); *Adamson v. Ricketts,* 789 F.2d 722, 727–28 n. 5 (9th Cir.1986) (en banc), but not to its determinations of mixed questions of law and fact or purely legal questions. *Hayes v. Kincheloe,* 784 F.2d 1434, 1437 (9th Cir.1986); *Adamson,* 789 F.2d at 727–28 n. 5.

The voluntariness of a guilty plea is a question of law not subject to deferential review. *Marshall v. Lonberger,* 459 U.S. 422, 431, 103 S.Ct. 843, 849, 74 L.Ed.2d 646 (1983); *Hayes,* 784 F.2d at 1436. Findings of historical facts underlying a court's conclusion of voluntariness are given deference in a habeas proceeding, *see Marshall,* 459 U.S. at 431–32, 103 S.Ct. at 849, and are reviewed for clear error on direct appeal. *Hayes,* 784 F.2d at 1436.

### B.  Voluntariness of Plea

The single issue on appeal is whether Chizen's plea was involuntary when it was based on the misrepresentation of his attorney that the trial judge had committed himself to a particular sentence, notwithstanding that Chizen had signed a *Tahl-Boykin* waiver form.

It has been conceded by both parties that we can assume, for the purposes of this appeal, that Chizen's attorney, Andelson, did in fact misrepresent to Chizen that a plea bargain had been struck whereby the judge would not sentence Chizen to more than 90 days in jail. Because Andelson misrepresented to Chizen that a specific sentence would follow upon a plea of nolo contendere, the question arises whether such a plea was made voluntarily.

The long-standing test for determining the validity of a guilty plea is "whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant." *Hill v. Lockhart,* 474 U.S. ——, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985) (citing *North Carolina v. Alford,* 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970)). "A guilty plea, if induced by promises or threats which deprive it of the character of a voluntary act, is void." *Machibroda v. United States,* 368 U.S. 487, 493, 82 S.Ct. 510, 513, 7 L.Ed.2d 473 (1962).

Chizen has not alleged merely that his counsel erroneously *predicted* the favorable consequences of a guilty plea; that, of course, would not entitle him to relief. *See Blackledge v. Allison,* 431 U.S. 63, 74, 97 S.Ct. 1621, 1629, 52 L.Ed.2d 136 (1977);

*United States v. Unger*, 665 F.2d 251, 254 (8th Cir.1981), *cert. denied*, 464 U.S. 934, 104 S.Ct. 339, 78 L.Ed.2d 308 (1983); *United States v. Marzgliano*, 588 F.2d 395, 398 n. 6 (3d Cir.1978); *Wellnitz v. Page*, 420 F.2d 935, 936 (10th Cir.1970). Rather, he argues that his plea was involuntary because it was induced by his counsel's misrepresentations as to what his sentence *in fact* would be. *See Unger*, 665 F.2d at 254; *Marzgliano*, 588 F.2d at 397–98; *Wellnitz*, 420 F.2d at 936.

In *McAleney v. United States*, 539 F.2d 282 (1st Cir.1976), defense counsel told his client that the prosecutor had agreed to recommend a light sentence. In fact, the prosecutor had only given his personal opinion that the defendant would receive a light sentence; he never promised to give a recommendation. In granting the motion to withdraw the plea, the First Circuit held: "[the defendant] was entitled to credit his attorney's representation as to the fact of such an agreement, and to rely on it; and if his guilty plea was in fact induced by such a representation, we agree with the district court that relief is in order." *Id.* at 284; *Marzgliano*, 588 F.2d at 398. *See generally Blackledge v. Allison*, 431 U.S. 63, 97 S.Ct. 1621, 52 L.Ed.2d 136 (1977); *Owens v. United States*, 551 F.2d 1053 (5th Cir.), *cert. denied*, 434 U.S. 848, 98 S.Ct. 155, 54 L.Ed.2d 115 (1977); *United States v. Del Piano*, 386 F.2d 436 (3d Cir.1967), *cert. denied*, 392 U.S. 936, 88 S.Ct. 2306, 20 L.Ed.2d 1395 (1968). We agree. Chizen was entitled to rely on Andelson's representation that a sentence agreement had been struck and if his nolo plea was induced by that representation, then Chizen is entitled to relief.

The district court's fear that if we adopt this rule we would open the door to allow unscrupulous defense lawyers to engage in games is not well taken. We wish to make clear that in this case there is no indication whatsoever that Chizen's attorney, Andelson, acted fraudulently or in bad faith. From all indications, it appears that Andelson honestly believed that a plea bargain had been struck. Of course, if there was any indication that defense counsel was trying to create an issue for appeal by misrepresenting, in bad faith, to his client that a specific sentence had been agreed to when it in fact had not, then the rule we have adopted above would not apply.

The government contends that the *Tahl-Boykin* waiver form signed by Chizen and the colloquy that occurred between the trial judge and Chizen before Chizen's nolo contendere plea was accepted cured any defects that may have occurred due to Andelson's misrepresentations to his client. The *Tahl-Boykin* waiver form signed by Chizen says that "no other promises or inducements have been made to get me to enter this plea. I understand that, regardless of motions or recommendations by others including the district attorney, my attorney, and the probation officer, the sentence will be decided solely by the judge." Chizen specifically initialed this provision. The waiver form also states that "my decision has been made freely and voluntarily" and the "district attorney has agreed to make the following motions or recommendations: Midi (30 days to 180 days)." Chizen initialed these provisions as well. Furthermore, at the time of the taking of the plea, the trial judge questioned Chizen about the waiver form he had signed and asked him if he understood his rights. Chizen stated that he did. The plea was accepted and sentencing was set for a later date.

 In assessing the voluntariness of the plea, statements made by a criminal defendant contemporaneously with his plea should be accorded great weight. *Blackledge*, 431 U.S. at 73–74, 97 S.Ct. at 1628–29. Solemn declarations made in open court carry a strong presumption of verity. *Id.* at 74, 97 S.Ct. at 1629. The *Tahl-Boykin* waiver form and Chizen's representations at the plea hearing therefore properly constitute an "imposing" barrier to collateral attack. *See Blackledge*, 431 U.S. at 74, 97 S.Ct. at 1629.

Due to the manner and timing in which the events unfolded in this case, we find that the *Tahl-Boykin* waiver form and the

colloquy between the court and Chizen did not cure the misrepresentations made by Andelson. In this case, the *Tahl-Boykin* form was signed and the colloquy occurred at the time of the taking of the plea by the trial judge. Sentencing did not occur until a later date. It was only on the day that Chizen appeared for sentencing that Chizen learned that Judge Hunter, the trial judge, would not be bound by any agreement and that he would impose a longer sentence. Chizen asked for, and was granted, a delay in the sentencing so that he could prepare a motion to withdraw his plea. Later, the motion was heard by another judge and denied. A second such motion came before Judge Hunter and was likewise denied. Judge Hunter then sentenced Chizen to 180 days in jail. It is clear that as soon as Chizen learned that the sentence imposed by the trial judge was different than the one he thought he had bargained for, he moved to withdraw his plea.

Under the circumstances of this case, we find that Chizen has overcome the strong presumption of verity accorded to his statements made during the taking of his plea and the *Tahl-Boykin* waiver form. Chizen was told by his attorney that the trial judge had agreed not to sentence him to more than 90 days. When Chizen signed the *Tahl-Boykin* waiver form and when he discussed his rights with the trial judge at the time of the taking of his plea, he was still operating under the belief that the trial judge would abide by the alleged plea bargain. It was only later, just prior to sentencing, that Chizen became aware that he had been misled by his attorney. Based on the specific facts of this case, we find that Chizen's plea must be held not to be voluntary—unless he receives the sentence for which he bargained.

As a consequence, we remand back to the state court leaving to the sound discretion of that court the specific relief to be afforded Chizen. We suggest that Chizen be given the sentence for which he thought he had bargained, in this case 90 days or less, or be permitted to withdraw his nolo contendere plea and stand trial on the charges.

The district court is REVERSED and the matter is REMANDED.