977 F.2d 593
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Ruben Alverez HERRERA, Defendant-Appellant.
 No. 91-10062.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 22, 1992.*
Decided Sept. 28, 1992.
 
 Before GOODWIN, D.W. NELSON and REINHARDT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Ruben Alverez Herrera appeals pro se his conviction, following entry of a guilty plea, for conspiracy to possess with intent to distribute marijuana in violation of 21 U.S.C. § 846. Herrera contends that: (1) his guilty plea was not knowing and voluntary; and (2) he was denied effective assistance of counsel. We have jurisdiction under 28 U.S.C. § 1291 and affirm.
 
 I. Voluntariness of Plea
 
 3
 Herrera appears to argue that his guilty plea was not knowing and voluntary because he did not understand the proceedings and was deprived of a fluent Spanish-speaking appointed counsel of his choosing. We disagree.
 
 
 4
 We review de novo the district court's determination that a plea was voluntary, United States v. Navarro-Botello, 912 F.2d 318, 320 (9th Cir.1990), cert. denied, 112 S.Ct. 1488 (1992), while reviewing for clear error its findings of fact relating to the validity of the plea, United States v. Butcher, 926 F.2d 811, 817 (9th Cir.), cert. denied, 111 S.Ct. 2273 (1991).
 
 
 5
 To comport with the guarantees of due process, a guilty plea must be voluntary and intelligent. Boykin v. Alabama, 395 U.S. 238, 242 (1969); Butcher, 926 F.2d at 817. The accused must be aware of the nature and elements of the charges against him, the constitutional rights he is waiving by pleading guilty, and the possible punishment he faces. Boykin, at 242-43. In assessing the voluntariness of a guilty plea, "solemn declarations" made by a defendant in open court contemporaneously with his plea carry a strong presumption of verity. Chizen v. Hunter, 809 F.2d 560, 562 (9th Cir.1987).
 
 
 6
 "An indigent defendant is entitled to appointed counsel, but not necessarily to appointed counsel of his choice." United States v. Torres-Rodriguez, 930 F.2d 1375, 1380 n. 2 (9th Cir.1991); see also United States v. Robinson, 967 F.2d 287, 294 (9th Cir.1992) (defendant failed to show that he had a right to specific appointed counsel or that present appointed counsel tainted his appeal).
 
 
 7
 At the plea hearing, Herrera was represented by counsel and assisted by an interpreter. Defense counsel informed the district court of a plea agreement. The district court then engaged Herrera in a lengthy colloquy. The plea discussion covered his competency, provisions of the plea agreement, the offense, the maximum possible penalty, any possible coercion to accept the plea agreement, Herrera's constitutional rights and the factual basis for the offense. Herrera answered that he understood the plea agreement and the waiver of his constitutional rights. Herrera also answered that he was satisfied with the representation provided by his counsel.
 
 
 8
 In light of the record, we hold that Herrera's guilty plea was knowingly and voluntarily made. See Navarro-Botello, 912 F.2d at 321; cf. Boykin, 395 U.S. at 243-44. In addition, Herrera was not entitled to appointed counsel of his choosing. See Robinson, 967 F.2d at 294; Torres-Rodriguez, 930 F.2d at 1380 n. 2.[1]
 
 II. Ineffective Assistance of Counsel
 
 9
 Herrera contends that he received ineffective assistance of counsel because he could not communicate with his attorney and, as a result, he was unable to comprehend the court proceedings. He also argues that his counsel failed to investigate facts which would have exonerated him.
 
 
 10
 Generally, we will not review challenges regarding ineffective assistance of defense counsel on direct appeal. United States v. Simas, 937 F.2d 459, 463 (9th Cir.1991); see also Robinson, 967 F.2d at 291. "The more appropriate way to pursue this ineffective assistance of counsel claim is by way of a habeas corpus proceeding. Collateral review is preferable because in a such a proceeding a record may be developed to show what counsel did and any resulting prejudice." Simas, 937 F.2d at 463. Accordingly, we decline to address Herrera's ineffective assistance of counsel claim in this direct appeal. See id.
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Herrera further contends that the district court erred by denying his motion to suppress the evidence. We do not address this contention because Herrera did not enter a conditional guilty plea pursuant to Fed.R.Crim.P. 11(a)(2). See United States v. Cortez, No. 89-50670, slip op. 10223, 10229 (9th Cir. August 24, 1992) (no conditional guilty plea where defendant failed to strictly follow requirements of Rule 11(a)(2)); see, e.g., United States v. Echegoyen, 799 F.2d 1271, 1275-76 (9th Cir.1986)