977 F.2d 592
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Francisco DELGADO-RAMIREZ, Defendant-Appellant.
 No. 90-50501.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 6, 1992.*
Decided Oct. 14, 1992.
 
 Before FARRIS, LEAVY and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Francisco Delgado-Ramirez appeals pro se the guilty plea he entered in the District Court for the Southern District of California for aiding and abetting the distribution of heroin in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2 (1988). Ramirez claims his plea was coerced, that he was under the influence of medication, and that he understood that the sentence he would receive would run concurrently with a sentence he was already serving, not consecutively as the district court imposed. We affirm.
 
 
 3
 Ramirez was arrested on January 27, 1988 for selling 19 ounces of heroin to undercover agents. He was sentenced in the Central District of California to a ten year prison term. While in prison he was indicted for his involvement in a heroin trafficking operation in southern California which had been the target of a lengthy undercover police investigation. Ramirez was acting as a heroin courier and had made at least two heroin deliveries involving over 300 grams of heroin. Although indicted under 21 U.S.C. §§ 841(a)(1) and 846 (conspiracy and possession of heroin with intent to distribute), a subsequent plea arrangement allowed him to plead guilty to violations of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2 (aiding and abetting the distribution of heroin).
 
 
 4
 On April 3, 1990, Ramirez pled guilty to the aiding and abetting charge and was sentenced on July 23, 1990 to seventy-eight months imprisonment. This sentence was imposed consecutively to the ten year sentence Ramirez was already serving in the Central District of California.
 
 
 5
 The voluntariness of a guilty plea is a question of law reviewed novo. Marshall v. Lonberger, 459 U.S. 422, 431 (1983); Chizen v. Hunter, 809 F.2d 560, 561 (9th Cir.1986). On direct appeal, the court reviews the district court's findings of historical facts regarding voluntariness of a plea for clear error. Iaea v. Sunn, 800 F.2d 861, 864 (9th Cir.1986). To comport with the guarantees of due process, a guilty plea must be voluntary and intelligent. Boykin v. Alabama, 395 U.S. 238, 242-43 (1969). Voluntariness is determined by examining all of the circumstances surrounding the guilty plea. Id.
 
 
 6
 During the Rule 11 hearing, Ramirez made several statements which contradict the claims he is now making. Statements made by a defendant in open court at the time of the plea carry a strong presumption of verity. Chizen v. Hunter, 809 F.2d 560, 562 (9th Cir.1986). Ramirez claims his attorney coerced his guilty plea by withholding a gall bladder operation. Yet in court the judge asked Ramirez:
 
 
 7
 THE COURT: Has anyone coerced you, or forced you, or threatened you or any members of your family or loved ones in order to get you to take this disposition?
 
 
 8
 THE DEFENDANT: No.
 
 
 9
 The Court also asked Ramirez whether he was under the influence of any medication and whether his thinking was clear:
 
 
 10
 THE COURT: Within the last 24 hours have you had any type of drugs, medication or alcohol, or ingested anything into your system that would affect your ability to be able to think and understand what's happening here this afternoon?
 
 
 11
 THE DEFENDANT: I have not ingested anything.
 
 
 12
 THE COURT: Do you have a clear mind and a clear head at this time?
 
 
 13
 THE DEFENDANT: I believe so.
 
 
 14
 Ramirez was questioned in open court about his understanding of the plea agreement and the imposition of consecutive sentences.
 
 
 15
 THE COURT: [Y]ou are now in custody serving a 10 year term for some conduct of yours in the Central District of California. Is that right?
 
 
 16
 THE DEFENDANT: Yes.
 
 
 17
 THE COURT: And that the sentence in this case will be added to that one. Is that the way you understand it?
 
 
 18
 THE DEFENDANT: Yes.
 
 
 19
 (emphasis added). Ramirez stated that he had no questions concerning the plea bargain or the maximum punishment he could receive. In addition, the plea agreement and factual stipulations Ramirez signed on April 3, 1990 states: "The Government agrees to recommend a sentence of 78 months, to be served consecutively to defendant's current sentence of 10 years in custody imposed in the Central District of California." (emphasis added). The court furnished Ramirez with an interpreter throughout these proceedings.
 
 
 20
 The District Court made the factual determination that Ramirez had a "clear mind" and understood the proceedings and the ramifications of his plea. The judge also found a factual basis to accept the guilty plea. These factual conclusions, based upon the statements made by Ramirez in open court and the court's first-hand observation of the defendant's physical state, are not clearly erroneous. We conclude Ramirez' guilty plea was made voluntarily and with an understanding that the sentence would be imposed consecutively to the sentence he was already serving.
 
 
 21
 AFFIRMED.
 
 
 
 *
 Pursuant to Ninth Circuit Rule 34-4, the panel unanimously finds this case suitable for disposition without oral argument
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3