119 F.3d 7
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Richard E. SYKORA, Petitioner-Appellant,
v.
M. MADDING, Warden; James Gomez, Director, Respondents-Appellees.
 No. 96-56072.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 14, 1997**
Decided July 18, 1997.
 
 Before: HUG, Chief Judge, KOZINSKI, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Richard E. Sykora, a California state prisoner, appeals pro se the district court's dismissal of his 28 U.S.C. § 2254 petition challenging his conviction by guilty plea to committing a lewd act on a child and attempting to commit a lewd act on a child. We review de novo a district court's decision on a section 2254 petition. See Duckett v. Godinez, 67 F.3d 734, 739 (9th Cir.1995), cert. denied, 116 S.Ct. 1549 (1996). We have jurisdiction pursuant to 28 U.S.C. § 2253, and we affirm.
 
 
 3
 Sykora first contends that his guilty plea was not knowing and voluntary because he was subjected to a "coercive environment." The record belies this contention.
 
 
 4
 A guilty plea is valid if it is both intelligent and voluntary. See Boykin v. Alabama, 395 U.S. 238, 242 (1969). Contemporaneous on-the-record statements by a defendant when pleading guilty carry substantial weight in the assessment of the voluntariness of a guilty plea. See Blackledge v. Allison, 431 U.S. 63, 74 (1977) (statements made in open court at time of plea carry a strong presumption of verity and "constitute a formidable barrier" at later proceedings); see also Chizen v. Hunter, 809 F.2d 560, 562 (9th Cir.1986) (same).
 
 
 5
 Here, in open court and under oath, Sykora agreed that he was entering his plea of guilty "freely and voluntarily and not as a result of any force, pressure, threat or coercion brought against [him] or any member of [his] family." Sykora also stated that he had had adequate time to discuss the case with his attorney. In addition, Sykora signed a plea agreement, specifically initialing the paragraph which acknowledged that he was entering the plea "freely and voluntarily and not as the result of any force, pressure, threats or coercion brought against me or any member of my family." Accordingly, Sykora's bare assertion that he was "coerced" into pleading guilty is insufficient to undermine his statements regarding voluntariness made at the time of his plea. See Blackledge, 431 U.S. at 74; Chizen, 809 F.2d at 562.
 
 
 6
 Sykora next contends that the police committed misconduct and that his trial counsel was ineffective for failing to introduce evidence of "police misconduct" and the victim's character. Sykora has waived these claims by pleading guilty. See Tollett v. Henderson, 411 U.S. 258, 266-67 (1973) (defendant who voluntarily and knowingly pleads guilty waives all nonjurisdictional defects in the criminal proceeding); see also Moran v. Godinez, 57 F.3d 690, 700 (9th Cir.1994) ("As a general rule, one who voluntarily pleads guilty to a criminal charge may not subsequently seek federal habeas relief on the basis of pre-plea constitutional violations").
 
 
 7
 Accordingly, the district court's dismissal is
 
 
 8
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3