141 F.3d 1182
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Jimmie A. WALKER, Jr., Petitioner-Appellant,
v.
Theresa ROCHA, Respondent-Appellee.
 No. 96-16099.
D.C. No. CV-95-05618-REC.
 United States Court of Appeals, Ninth Circuit.
 Submitted Mar. 10, 1998**.
Decided Mar. 13, 1998.
 
 Appeal from the United States District Court for the Eastern District of California Robert E. Coyle, Chief District Judge, Presiding.
 Before FLETCHER, BEEZER, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Jimmie A. Walker, Jr., a California state prisoner, appeals pro se the district court's denial of his 28 U.S.C. § 2254 petition challenging his conviction by no contest plea to second degree murder and use of a firearm. We have jurisdiction pursuant to 28 U.S .C. § 2253. We review de novo the district court's denial of a section 2254 petition, see Duckett v. Godinez, 67 F.3d 734, 739 (9th Cir.1995), and affirm.
 
 
 3
 Walker first contends that his plea was not knowing and voluntary because it was coerced by trial counsel and because he did not receive adequate notice of the requisite intent for second degree murder. This contention lacks merit.
 
 
 4
 We review de novo the voluntariness of a guilty plea. See Chizen v. Hunter, 809 F.2d 560, 561 (9th Cir.1986). A guilty plea is valid if it is both intelligent and voluntary. See Boykin v. Alabama, 395 U.S. 238, 242, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). Contemporaneous on-the-record statements by a defendant when he is pleading guilty carry substantial weight in the assessment of the voluntariness of his plea. See Blackledge v. Allison, 431 U.S. 63, 74, 97 S.Ct. 1621, 52 L.Ed.2d 136 (1977) (statements made in open court at time of plea "carry a strong presumption of verity" and "constitute a formidable barrier" at later proceedings); Chizen, 809 F.2d at 562.
 
 
 5
 The transcript of the plea hearing reflects that the trial judge explained the requisite intent for a second degree murder conviction and, several times confirmed that by pleading no contest, Walker understood that he was waiving his right to have his mental state determined by a jury. Furthermore, Walker admitted that he entered his no contest plea to avoid a possible first degree murder conviction and, that no threats were made in order to induce his plea. In these circumstances, Walker's bare assertion that he was "coerced" into pleading no contest is insufficient to undermine his statements regarding voluntariness made at the time of his plea. See Blackledge, 431 U.S. at 74; Chizen, 809 F.2d at 562; see also Iaea v. Sunn, 800 F.2d 861, 866-67 (9th Cir.1986) (recognizing that mere advice or strong urging to plead guilty based on the strength of the state's case does not constitute undue coercion).
 
 
 6
 Walker also contends that he is entitled to habeas relief because there was an insufficient factual basis for his plea. This contention lacks merit because absent special circumstances not present here, there is no federal constitutional requirement that a no contest plea in state court be supported by a factual basis. See Rodriguez v. Ricketts, 777 F.2d 527, 528 (9th Cir.1985).
 
 
 7
 Finally, Walker contends that his trial counsel rendered ineffective assistance on various grounds. We review de novo, see Moran v. Godinez, 57 F.3d 690, 699 (9th Cir.1994), and reject Walker's contentions because he failed to demonstrate that counsel's performance was deficient, see Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).
 
 
 8
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a); 9th Cir. R. 34-4. Accordingly, appellee's request for submission without oral argument is granted
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3