**Lionel TATE, Sr, Petitioner—Appellant,**

**v.**

**E. ROE, Warden, Respondent—Appellee.**

**No. 01–57114.**
**D.C. No. CV–95–05156–RSWL.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 7, 2002.

Decided Nov. 1, 2002.

Before PREGERSON, RYMER, and MCKEOWN, Circuit Judges.

## MEMORANDUM *

California state prisoner Lionel Tate appeals the district court's denial of his habeas corpus petition challenging his 1984 conviction pursuant to a guilty plea for felony murder and a sentence of life without parole. We affirm.

The district court denied the petition on alternate grounds: as untimely under Rule 9(a) and on the merits. Pursuant to Rule 9(a), a district court may dismiss a habeas petition where "(1) the state has been prejudiced in its ability to respond to the petition, (2) this prejudice resulted from petitioner's delay, and (3) the petitioner has not acted with reasonable diligence as a matter of law." *Harris v. Pulley*, 885 F.2d 1354, 1366 (9th Cir.1988). The state has the initial burden of proof. *Id.* Here, there has been no particularized showing of actual prejudice linked to Tate's delay in filing his petition. Although Tate's counsel was unable to recall all of the details of his actions in this case, the record does not show that the passage of time was the essential cause of his lack of memory or the unavailability of documents. Consequently, we address the merits.

Tate's ineffective assistance of counsel claim does not warrant granting the petition. To succeed on this claim, Tate must show that his lawyer's actions "fell below an objective standard of reasonableness" and that "but for counsel's unprofessional errors, the result of the proceeding would have been different." *Hill v. Lockhart*, 474 U.S. 52, 57, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985) (quoting *Strickland v. Washington*, 466 U.S. 668, 688, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)). Even if we were to credit the magistrate's determination that counsel's performance met the first prong of this test, given the strength of the prosecution's evidence Tate has not demonstrated that he would not have pleaded guilty absent his lawyer's errors. *Hill*, 474 U.S. at 59, 106 S.Ct. at 370.

Tate argues that because he pleaded guilty based on his lawyer's erroneous advice as to his appellate rights, his plea was not knowing and intelligent and therefore violated the Due Process Clause as in *Chizen v. Hunter*, 809 F.2d 560 (9th Cir. 1986). *Chizen*, however, is distinguishable. In *Chizen*, we reiterated the rule that "[i]n assessing the voluntariness of the plea, statements made by a criminal defendant contemporaneously with his plea should be accorded great weight." *Id.* at 562 (citing *Blackledge v. Allison*, 431 U.S. 63, 73–74, 97 S.Ct. 1621, 52 L.Ed.2d 136 (1977)). We further observed that Chizen had "not alleged merely that his counsel erroneously *predicted* the favorable consequences of a guilty plea," which would not warrant relief, but rather that he had "argue[d] that his plea was involuntary because it was induced by his counsel's misrepresentation as to what his sentence *in fact* would be." *Chizen*, 809 F.2d at 561–62 (citations omitted) (emphasis in original). Here, the state trial court's colloquy with Tate cured any misrepresentation by his lawyer as to the appealability of his pretrial motions.

AFFIRMED.

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.