**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Carlos Antonio TORRES, aka Carlos Torres–Carisoza, Defendant–Appellant.**

No. 03–10360.

United States Court of Appeals, Ninth Circuit.

Submitted April 13, 2004.*

Decided Nov. 3, 2004.

Sandra Marie Hansen, Tucson, AZ, for Plaintiff–Appellee.

Peter Anastasius Matiatos, Tucson, AZ, for Defendant–Appellant.

Before: T.G. NELSON, W. FLETCHER, and BERZON, Circuit Judges.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

MEMORANDUM **

Carlos Antonio Torres appeals his conviction by the district court for illegal reentry into the United States in violation of 8 U.S.C. § 1326(a), with a sentencing enhancement pursuant to 8 U.S.C. § 1326(b)(2). Because the parties are familiar with the record, we recite only the facts necessary to explain our decision.

Torres argues that he believed that by pleading guilty without a plea agreement he was preserving his right to appeal. Federal Rule of Criminal Procedure 11(a)(2) authorizes conditional guilty pleas which preserve the right to appeal a specified pretrial motion. The conditional guilty plea must be in writing, and must be made with the consent of the court and the government. *See* FED. R.CRIM. P. 11(a)(2). "The requirements of Rule 11(a)(2) are read strictly." *United States v. Floyd,* 108 F.3d 202, 204 (9th Cir.1997).

While Torres fails to meet the strict requirements of the Rule, the record demonstrates unequivocally that he believed that the plea was conditional at the time the plea was entered. During the plea colloquy, when discussing whether a prior offense should be characterized as an aggravated felony, Torres's counsel asserted that "the issue is going up on appeal." This assertion was never challenged by the government or the court.

We have held that a good faith misrepresentation by an attorney to his client which induces the client to plead may render a plea involuntary. *See Chizen v. Hunter,* 809 F.2d 560, 562–63 (9th Cir. 1986). Here, Torres's counsel believed that Torres could appeal after he pleaded guilty. He so informed Torres, as well as the court, at the plea hearing. Thus, Tor-

res pleaded guilty in reliance on his counsel's misrepresentation that an appeal would be possible despite the plea. *See id.* at 562 (if a defendant's plea "was induced by [counsel's] representation," he is entitled to relief).

Because Torres was led by his counsel to believe that he would be able to appeal after his plea, we vacate Torres's sentence. He must be given an opportunity to plead anew, should he so choose. *See United States v. Carrasco,* 786 F.2d 1452, 1455 (9th Cir.1986).

**VACATED AND REMANDED.**

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.