NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| IGNACIO MACIAS,<br><br>    Petitioner - Appellant,<br><br>  v.<br><br>BILL DONAT; ATTORNEY GENERAL<br>OF THE STATE OF NEVADA,<br><br>    Respondents - Appellees. | No. 10-15238<br><br>D.C. No. 3:06-cv-00631-HDM-<br>RAM<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Nevada
Howard D. McKibben, District Judge, Presiding

Submitted December 8, 2010
San Francisco, California

Before: HUG, D.W. NELSON and McKEOWN, Circuit Judges.

Nevada state prisoner Ignacio Macias ("petitioner") appeals from the district

court's denial of his 28 U.S.C. § 2254 habeas petition. Petitioner pled guilty to

three counts of trafficking in a controlled substance. He was sentenced to a prison

term of 12 to 36 months for count I, 24 to 84 months for count II, and 10 to 25

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

years for count III.  On appeal, he argues his plea was involuntary, his trial counsel provided ineffective assistance, and that there was cumulative error.

We have jurisdiction under 28 U.S.C. § 2253.  We review de novo the denial of a 28 U.S.C. § 2254 petition.  *McMurtrey v. Ryan*, 539 F.3d 1112, 1118 (9th Cir. 2008).  Because this petition was filed after April 24, 1996, we review it under the Antiterrorism and Effective Death Penalty Act ("AEDPA").  We grant the petition if the state court decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d); *Byrd v. Lewis*, 566 F.3d 855, 859 (9th Cir. 2009).  We affirm.

The Nevada Supreme Court's decision that petitioner's plea was voluntary was not contrary to or an unreasonable application of federal law.  Petitioner was advised of the constitutional rights he was waiving by entering a guilty plea.  He affirmatively stated that he understood he was relinquishing such legal rights and understood the charges and maximum sentences for the offenses.  Because petitioner was fully aware of the consequences of his plea and there is no evidence of an improper inducement, the Nevada Supreme Court's decision that his plea was voluntary is supported by the record.  *See Brady v. United States*, 397 U.S. 742, 748-49 (1970); *Chizen v. Hunter*, 809 F.2d 560, 562 (9th Cir. 1986) (stating that

statements made by a "defendant contemporaneously with his plea should be accorded great weight").

The Nevada Supreme Court's decision that petitioner failed to show that his counsel provided ineffective assistance was not contrary to or an unreasonable application of federal law. Because petitioner failed to show his counsel's alleged deficiencies prejudiced his case, petitioner's ineffective assistance of counsel claim must fail. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984).

Because there was no error, no cumulative error exists. *See Parle v. Runnels*, 505 F.3d 922, 927-28 (9th Cir. 2007).

**AFFIRMED**.