**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MICHAEL FRANCIS BROWN, | No. 08-56548 |
| Petitioner - Appellant, | D.C. No. 5:06-cv-01441-AG-PJW |
| v. | |
| JOHN SALAZAR, Warden, | MEMORANDUM[*] |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Central District of California
Andrew J. Guilford, District Judge, Presiding

Submitted April 20, 2011[**]

Before:     RYMER, THOMAS, and PAEZ, Circuit Judges.

California state prisoner Michael Francis Brown appeals from the district

court's order denying his 28 U.S.C. § 2254 habeas petition. We have jurisdiction

under 28 U.S.C. § 2253, and we vacate and remand.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

Brown contends that his guilty plea was not knowing or voluntary because it was induced by a misrepresentation that he would receive a sentence of no more than five years in prison. He argues that the 20-year prison sentence he received violates his Sixth and Fourteenth Amendment rights and that the case should be remanded for an evidentiary hearing.

Brown has never received an evidentiary hearing on the voluntariness of his guilty plea, despite providing: (1) detailed allegations in his pro se habeas petitions to the California Supreme Court and the District Court, (2) supporting declarations from three attorneys who witnessed the underlying events, (3) a corroborating letter from his trial court counsel, and (4) requests for an evidentiary hearing with each habeas petition he filed.

If true, Brown's allegations are sufficient to warrant habeas relief. An involuntary guilty plea is "a constitutionally inadequate basis for imprisonment." *Blackledge v. Allison*, 431 U.S. 63, 75 (1977). Accordingly, the California Supreme Court's summary denial of Brown's petition was an unreasonable application of clearly established Federal law, as determined by the Supreme Court. *See Cullen v. Pinholster*, 563 U.S. __ (2011); *see also Blackledge*, 431 U.S. at 75-76; *Machibroda v. United States*, 368 U.S. 487, 493 (1962).

The district court abused its discretion by denying Brown's habeas petition without an evidentiary hearing on the voluntariness of his plea. *See Earp v. Ornoski*, 431 F.3d 1158, 1167 (9th Cir. 2005) ("[W]here the petitioner establishes a colorable claim for relief and has never been afforded a state or federal hearing on this claim, we must remand to the district court for an evidentiary hearing."); *see also Chizen v. Hunter*, 809 F.2d 560, 561-62 (9th Cir. 1987).

**VACATED AND REMANDED.**