**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JAN 29 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| GABRIEL BARRIOS,<br><br>              Petitioner - Appellant,<br><br>     v.<br><br>DEBRA DEXTER, Warden,<br><br>              Respondent - Appellee., | No. 10-55593<br><br>D.C. No. 2:08-cv-06411-GHK-DTB<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
George H. King, Chief District Judge, Presiding

Argued and Submitted January 11, 2013
Pasadena, California

Before:     O'SCANNLAIN and W. FLETCHER, Circuit Judges, and
            KORMAN, Senior District Judge.[**]

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The Honorable Edward R. Korman, Senior United States District Judge for the Eastern District of New York, sitting by designation.

Gabriel Barrios appeals the district court's denial of his habeas petition under 28 U.S.C. § 2254. We have jurisdiction under 28 U.S.C. § 2253 and we affirm in part and remand in part for an evidentiary hearing.

We address two claims from Barrios's habeas petition: a claim that Barrios's guilty plea in state court was involuntary, and a claim that Barrios's trial counsel was ineffective in advising him to plead guilty. The parties agree that the involuntariness claim is reviewed de novo because a discretionary summary denial from the California Supreme Court is not a "decision on the merits" under the Anti-terrorism and Effective Death Penalty Act (AEDPA). *See Williams v. Cavazos*, 646 F.3d 626, 636 (9th Cir. 2011) *cert. granted in part,* 132 S. Ct. 1088 (2012). Barrios's ineffective assistance claim, however, is governed by AEDPA.

a.      Ineffective Assistance of Trial Counsel

We review de novo the district court's denial of a § 2254 petition. *Gonzalez v. Knowles*, 515 F.3d 1006, 1011 (9th Cir. 2008). Under § 2254(d) as modified by AEDPA, petitions adjudicated on the merits by a state court may only be granted if the state court adjudication results in a decision that: (1) is "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "resulted in a decision that was based on an unreasonable determination of the facts in light of

2

the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). "Clearly established federal law" refers to the law determined by the Supreme Court at the time the state court rendered its decision. *Lockyer v. Andrade*, 538 U.S. 63, 71-72 (2003). We review the last reasoned state court decision, which for the ineffective assistance claim is the Superior Court's denial of Barrios's habeas petition. *See Williams*, 646 F.3d at 635.

The Supreme Court established the governing standard for ineffective assistance of counsel claims in *Strickland v. Washington*. *Strickland* requires a petitioner to show both that counsel's performance was deficient and that counsel's inadequacies prejudiced the petitioner. *Strickland v. Washington*, 455 U.S. 668, 687 (1984). In the guilty plea context the petitioner must show that "counsel's representation fell below an objective standard of reasonableness," and that "there is a reasonable probability that, but for counsel's errors, [petitioner] would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 57-59 (1985).

The Superior Court's decision is not contrary to, or an unreasonable application of, clearly established Supreme Court law. The Superior Court held that Barrios could not establish prejudice because the extent of the evidence against him, combined with his lack of options, defeated any argument that he would not

3

have pleaded guilty in the absence of counsel's advice. We have no basis on which to second-guess the Superior Court; its analysis is not unreasonable under *Strickland*. We affirm the district court's denial on this ground.

b.  Involuntary Guilty Plea

A guilty plea "is valid only if done voluntarily, knowingly, and intelligently, with sufficient awareness of the relevant circumstances and likely consequences." *Bradshaw v. Stumpf*, 545 U.S. 175, 183 (2005). Counsel's erroneous predictions about the consequences of a guilty plea, in themselves, do not entitle a defendant to relief. *Chizen v. Hunter*, 809 F.2d 560, 561 (9th Cir. 1986). But where the defendant is misled as to what the actual effect of his plea will be, or inaccurately told what his sentence "*in fact* [will] be," he may be entitled to relief. *See United States v. Cortez*, 973 F.2d 764, 765 (9th Cir. 1992); *Chizen*, 809 F.2d at 562.

Barrios's declarations provide the only evidence in the record of what transpired between Barrios and trial counsel. Despite Barrios's efforts, trial counsel has refused to provide any information about his representation of Barrios in this case. Barrios filed a motion for an evidentiary hearing on this issue below, which the district court deferred pending this appeal. The state has conceded that this claim is exhausted and that there is no state court decision on the merits. It is thus evident that AEDPA deference is not appropriate. We apply the pre-AEDPA

4

standing for an evidentiary hearing. Under pre-AEDPA law, a petitioner is entitled to an evidentiary hearing where: "(1) he has alleged facts that, if proven, would entitle him to habeas relief, and (2) he did not receive a full and fair opportunity to develop those facts in a state court." *Williams v. Woodford*, 384 F.3d 567, 586 (9th Cir. 2004).

The record is unclear as to what was said to Barrios by his counsel, and as to Barrios's credibility. No state or federal court has held a hearing on Barrios's claims, and so he has not had an opportunity to develop the facts. We remand to the district court for an evidentiary hearing to determine what transpired between Barrios and his trial counsel before he pleaded guilty in state court.

**AFFIRMED in part and REMANDED in part.**