**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

| | |
|---|---|
| **GABRIEL BARRIOS,** | No. 14-56972 |
| Petitioner-Appellant, | D.C. No. 2:08-cv-06411-GHK-DTB |
| v. | |
| **RON RACKLEY, Warden,** | **MEMORANDUM**[*] |
| Respondent-Appellee. | |

Appeal from the United States District Court
for the Central District of California
George H. King, District Judge, Presiding

Argued and Submitted August 29, 2016
Pasadena, California

Before:     **KOZINSKI** and **BYBEE**, Circuit Judges, and **WALTER**,[**] District Judge.

**1.**     The Fourteenth Amendment prohibits state courts from honoring

guilty pleas that are not made voluntarily or intelligently. See Boykin v. Alabama,

395 U.S. 238, 242–43 (1969).  A plea is not intelligent when, among other things,

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable Donald E. Walter, United States District Judge for the Western District of Louisiana, sitting by designation.

"a defendant pleads guilty to a crime without having been informed of the crime's elements." Bradshaw v. Stumpf, 545 U.S. 175, 183 (2005).

Barrios has successfully shown that his plea was not intelligent because he never reviewed the elements of robbery with Young. Young admitted to that fact, although the magistrate judge didn't find his testimony credible. This is the only credibility determination we see in the magistrate's discussion of the intelligence of the plea. Even assuming that the magistrate's credibility determination was correct in this respect, there is no persuasive evidence contradicting Barrios's averments. As acknowledged by the magistrate, Barrios provided a plausible explanation for signing the plea form and responding in the affirmative at the plea hearing. The magistrate's speculations that Barrios knew the elements of robbery because of his previous conviction, his contact with the public defender and Young's paralegals, and the fact that he was present at the preliminary hearing, find no support in the record. And Barrios took the first opportunity he had, in the Notice of Appeal and Request for Certificate of Probable Cause, to allege that his plea was not intelligent because Young never reviewed the elements of robbery with him.

**2.**     Because we find that Barrios's plea was not intelligent, we need not reach Barrios's claim that his plea was not voluntary.

**3.**     Barrios also asks us to expand the certificate of appealability and reconsider his claim of ineffective assistance of counsel.  We decline to do so.

**REVERSED** and **REMANDED** with instructions to grant the writ, conditioned on the state's decision to try Barrios.  The state has ninety days from the district court's grant of the writ to make that decision.

*Barrios v. Rackley*, No. 14-56972

BYBEE, Circuit Judge, concurring in the judgment:

While I agree with the majority's conclusion, its analysis suffers from a serious misunderstanding of the magistrate judge's report and recommendation. The magistrate judge correctly recognized that we must accept what Barrios said in court at the time he pled guilty as true—and his later testimony contradicting those statements as false—unless there is a good reason not to. *See Doe v. Woodford*, 508 F.3d 563, 571 (9th Cir. 2007) ("Solemn declarations in open court carry a strong presumption of verity.") (citation omitted); *Chizen v. Hunter*, 809 F.2d 560, 562 (9th Cir. 1986); *see also Blackledge v. Allison*, 431 U.S. 63, 74 (1977) (emphasizing that representations made during a change of plea hearing "constitute a formidable barrier in any subsequent collateral proceedings"). The magistrate judge then deemed Barrios's proffered reason not good enough, stating that Barrios "failed to overcome the strong presumption of verity." In other words, the magistrate judge held that Barrios's testimony about Young's failure to discuss the elements of robbery with his client was not credible because Barrios contradicted that testimony on the plea form and at the change of plea hearing.

Ignoring that aspect of the magistrate judge's reasoning, the majority assumes that the magistrate judge made a negative credibility finding only as to Barrios's testimony about the alleged false promise. I would not make that

assumption. Instead, I would first hold that the magistrate judge clearly erred in finding that Barrios was not induced to plead guilty. Only then would I conclude that Barrios's statements on the plead form and at the plea hearing are not controlling, and that the guilty plea was both involuntary and unintelligent.

A. *The Magistrate Judge Clearly Erred in Finding That Barrios Was Not Induced to Plead Guilty.*

At the evidentiary hearing, Barrios testified that he signed the plea form and participated in the plea colloquy only because Young assured him that he would receive a five-year sentence. The magistrate judge found Barrios's explanation "plausible" but not "entirely credible" due to Barrios's "conduct after he received a 45 years-to-life sentence." None of the reasons the magistrate judge provided to support his conclusion, however, justifies doubting Barrios's veracity.

*First*, the magistrate judge faulted Barrios for making "no mention to [the trial judge] that he had been promised a different sentence" at the sentencing hearing. But no adverse credibility inference can be drawn from Barrios's conduct because Barrios screamed in protest and was taken away from the courtroom almost immediately after the trial court pronounced the sentence. He simply had no time to explain to the court why its ruling was contrary to the alleged promise.

2

*Second*, the magistrate judge stated that "there is no evidence that petitioner raised [the] issue" of the alleged promise with Young's appearance attorney or paralegal. True, but there is also no evidence that Barrios *did not* raise that issue with those individuals. In fact, neither Barrios nor Young's appearance attorney was questioned on this specific point, and the paralegal did not even testify. It was therefore wrong to assume that Barrios never discussed the alleged promise with Young's staff because those discussions, for all we know, may well have taken place. Drawing a negative credibility inference from this gap in record is clear error.

*Third*, the magistrate judge pointed out that Barrios "did not take any action during [the two months following his sentencing hearing] to notify the court that his plea was invalid or otherwise follow-up with Young's office." No impeachment weight, however, can be attributed to Barrios's purported inaction because Barrios was simply following the instructions of his legal team. Indeed, Young's paralegal had assured Barrios that the proper procedure for correcting the sentence was to file the Notice of Appeal and Request for Certificate of Probable Cause (the "Notice"). It was unreasonable to fault Barrios for failing to "notify the court," "follow-up with Young's office," or move to withdraw his plea during the time he was waiting to receive the Notice.

*Fourth*, the magistrate judge focused on the substance of the Notice, which stated that "[t]he plea was entered without any promise of leniency." But it was not Barrios but the legal team whose deficiencies led to Barrios's predicament that drafted the document. Barrios cannot be deemed untruthful simply because he scrupulously followed the legal advice he was given without fully understanding the contents of the Notice.

*Finally*, the magistrate judge asserted that Barrios "did not raise this claim in his direct appeal," which, in the magistrate judge's view, cast doubt on his veracity. I disagree. To begin with, Barrios *did* raise his claim on direct appeal. But more important still, it was not Barrios but his appellate counsel who decided to wait until state habeas proceedings to assert Barrios's claim. *See People v. Avena*, 13 Cal. 4th 394, 418–19 (1996) (reiterating that claims based on facts outside the record should be asserted on habeas and not direct appeal). Given that Barrios informed his appellate counsel of the alleged promise, Barrios's decision to follow his counsel's advice regarding appellate litigation strategy says nothing about the truthfulness of his testimony at the evidentiary hearing.

Accordingly, the magistrate judge's reasons for finding Barrios not credible do not hold up to scrutiny even under a deferential review of the record. I would therefore accept as true that Young induced Barrios to plead guilty and conclude

4

that Barrios successfully overcame the presumption of verity accorded to his statements during the plea process.  *See Chizen*, 809 F.2d at 563.

B.    *Barrios's Plea Was Neither Voluntary Nor Intelligent.*

Despite Barrios's acknowledgment on the plea form and at the change of plea hearing that the plea was voluntary, the evidence in the record shows that it was not.  As already explained, the magistrate judge offered no good reasons to doubt testimony that Barrios agreed to plead guilty only because he thought he would receive a five-year sentence.  That testimony is supported by the statements of Young's appearance attorney, whom the magistrate judge found credible, and Barrios's conduct at the sentencing hearing.  I would therefore hold that Barrios's plea was involuntary.  *See id.*

I also agree with the majority that the plea was unintelligent because Barrios never reviewed the elements of robbery with his attorney.  Unlike the majority, however, I come to this conclusion only because I believe that Barrios's statements during the plea process can be disregarded due to Young's false promise.  If Young had not made that promise, as the majority appears to assume, I would not hold that Barrios's plea was unintelligent.

For all these reasons, I concur in only the court's judgment.