NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

DEC 19 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 16-10428 |
| Plaintiff-Appellee, | D.C. No. 2:15-cr-00186-MCE-1 |
| v. | MEMORANDUM* |
| JOHN CAL HOWE II, | |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Eastern District of California, Sacramento
Morrison C. England, Jr., District Judge, Presiding

Submitted December 5, 2017**
San Francisco, California

Before: M. SMITH and IKUTA, Circuit Judges, and BATES***, District Judge.

Defendant–Appellant John Cal Howe II held himself out as a decorated

military veteran in order fraudulently to obtain healthcare and other benefits from

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable John D. Bates, Senior United States District Judge for the District of Columbia, sitting by designation.

the Department of Veterans Affairs (VA). He pled guilty to theft in connection with healthcare benefits, theft of government property, making fraudulent demands against the government, and making fraudulent representations about the receipt of military decorations. See 18 U.S.C. §§ 641, 669, 704(b), 1003. He now appeals, arguing that he was not advised of the nature of the charges, as required by Federal Rule of Criminal Procedure 11(b)(1)(G). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Howe did not object at any time below. Review is therefore for plain error. United States v. Dominguez Benitez, 542 U.S. 74, 80 (2004). To obtain relief, Howe must show that: (1) there was error; (2) the error was plain; (3) the error affected substantial rights, which ordinarily means it affected the outcome of the district court proceedings; and (4) the error seriously affected the fairness, integrity, or public reputation of the proceedings. Puckett v. United States, 556 U.S. 129, 135 (2009); United States v. Gonzalez-Aparicio, 663 F.3d 419, 428 (9th Cir. 2011). Even if the magistrate judge erred, Howe has not demonstrated that any error affected substantial rights because he has not shown "a reasonable probability that, but for the error, he would not have entered the plea." Dominguez Benitez, 542 U.S. at 83.

Taking into account the complete record, there is no indication that Howe was

misled by any Rule 11 error. See id. at 84 ("[A]ssessing a claim that an error affected a defendant's decision to plead guilty must [consider] any indication that the [Rule 11 error] misled him."). Howe confirmed that he had sufficient time to discuss the case with counsel, including reviewing with counsel the charging documents— which set forth the elements of the charges and relevant facts. He never indicated that he misunderstood these documents and he stated that he was satisfied with his counsel's services. Although he was advised at the outset of the plea hearing that he should speak up if he did not understand something, he never expressed any confusion, asked any questions, or indicated that he misunderstood the charges. See United States v. Aguilar-Vera, 698 F.3d 1196, 1202 (9th Cir. 2012) (Rule 11 error did not affect substantial rights when, inter alia, the court instructed defendants to stand if they did not understand or wanted to speak to counsel but defendant never stood). Instead, he stated affirmatively and unequivocally that he understood the nature of the charges and what the government would have to prove at trial. See id. (Rule 11 error did not affect substantial rights when defendant affirmatively responded that he understood the charges against him); see also Chizen v. Hunter, 809 F.2d 560, 562 (9th Cir. 1986) ("[S]tatements made by a criminal defendant contemporaneously with his plea should be accorded great weight."). In sum, then,

3

the record shows Howe possessed "an understanding of the law in relation to the facts." United States v. Covian-Sandoval, 462 F.3d 1090, 1096 (9th Cir. 2006) (citation omitted). This suggests that any further Rule 11 explanation would not have affected Howe's decision to plead guilty.

The record also confirms that Howe was intent on pleading guilty. See Dominguez Benitez, 542 U.S. at 84–85 (evidence that a defendant did not intend to go to trial relevant to whether Rule 11 error affected substantial rights); United States v. Collins, 684 F.3d 873, 884 (9th Cir. 2012) (alleged Rule 11 error was harmless because there was no evidence that defendant "would have done anything other than affirm his guilty plea" had he been further advised of the nature of the charge). Howe stated his intent to plead guilty on the record, agreed with the government's factual basis for the plea, and repeatedly admitted that he fabricated his military record to steal healthcare and other benefits from the VA.

Hence, even if Howe were confused about the nature of the charges, he has not shown that any error "affected the outcome of the district court proceedings." Puckett, 556 U.S. at 135 (citation omitted). Accordingly, because Howe has not shown plain error, the judgment of the district court is

**AFFIRMED**.