NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

DEC 15 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 19-30262 |
| Plaintiff-Appellee, | D.C. No. 4:17-cr-06035-SMJ-1 |
| v. | |
| RYAN WADE ALEXANDER, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Eastern District of Washington
Salvador Mendoza, Jr., District Judge, Presiding

Submitted December 11, 2020**
Seattle, Washington

Before: BERZON and MILLER, Circuit Judges, and GLEASON,*** District
Judge.

Ryan Wade Alexander appeals from the district court's denial of his motion

to withdraw his guilty plea. On April 12, 2018, Alexander pleaded guilty to three

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Sharon L. Gleason, United States District Judge for
the District of Alaska, sitting by designation.

child-pornography offenses. Thereafter, Alexander claimed that his guilty plea was involuntary because he suffered from pain caused by kidney stones that were not adequately treated while he was in local custody, and that he pleaded guilty only to obtain adequate medical care at a federal facility. The district court denied Alexander's motion to withdraw his plea and sentenced him to 25 years of imprisonment and a lifetime of supervised release. We have jurisdiction under 28 U.S.C. § 1291. We dismiss the appeal as barred by the appellate waiver contained in Alexander's plea agreement.

"As a general rule, [a] waiver of appellate rights is enforceable if (1) the language of the waiver encompasses [the] right to appeal on the grounds raised, and (2) the waiver is knowingly and voluntarily made." *United States v. Lo*, 839 F.3d 777, 783 (9th Cir. 2016) (internal quotation marks omitted). Rule 11(b)(1)(N) requires the trial judge to personally address the defendant regarding "the terms of any plea-agreement provision waiving the right to appeal or to collaterally attack the sentence." Fed. R. Crim. P. 11(b)(1)(N). "[I]f the plea agreement 'is voluntary, and taken in compliance with Rule 11, then the waiver of appeal must be honored' . . . ." *Lo*, 839 F.3d at 784 (quoting *United States v. Portillo-Cano*, 192 F.3d 1246, 1250 (9th Cir. 1999)). Thus, we must consider the voluntariness of Alexander's guilty plea to determine whether the plea's appellate waiver bars this appeal.

We review the voluntariness of a guilty plea de novo and the "findings of

2

historical or subsidiary facts underlying the [district] court's conclusion of voluntariness" for clear error. *United States v. Signori*, 844 F.2d 635, 638 (9th Cir. 1988). "A plea is voluntary if it 'represents a voluntary and intelligent choice among the alternative courses of action open to the defendant.'" *United States v. Kaczynski*, 239 F.3d 1108, 1114 (9th Cir. 2001) (quoting *North Carolina v. Alford*, 400 U.S. 25, 31 (1970)). By contrast, "[a] guilty plea, if induced by promises or threats which deprive it of the character of a voluntary act, is void." *United States v. Seng Chen Yong*, 926 F.3d 582, 590–91 (9th Cir. 2019) (quoting *Machibroda v. United States*, 368 U.S. 487, 493 (1962)).

The parties agree that nothing in the Rule 11 colloquy itself calls into question the voluntariness of the guilty plea. Alexander testified that no one was "forcing [him] to plead guilty"; that he was "making th[e] plea freely and voluntarily"; that the decision to plead guilty was his and "not [his] attorney's decision or the Government's"; and that his prescription medications did not "affect[] [his] ability to understand the proceedings." Alexander also described the factual basis for the plea in his own words and confirmed that he understood he was "waiving [his] right to appeal if the [district court] impose[d] a sentence of not more than 25 years." At no time did Alexander state that he was in too much pain to proceed or that he was pleading guilty to obtain medical care.

A defendant's statements made during the plea colloquy are entitled to

"great weight." *Chizen v. Hunter*, 809 F.2d 560, 562 (9th Cir. 1986); *see United States v. Jimenez-Dominguez*, 296 F.3d 863, 869 (9th Cir. 2002). The district court did not clearly err when, following an evidentiary hearing, it declined to credit Alexander's subsequent contrary testimony that pain prevented him from voluntarily pleading guilty and that he pleaded guilty "only . . . so [he] could get medical treatment" and "thought . . . that there would be some way for [him] to go back and . . . change th[e] plea agreement."

To be sure, the record demonstrates that Alexander suffered from severe kidney stones and at times experienced severe pain as a result. But Alexander's testimony during the plea colloquy directly contradicts his current assertion that his plea was effectively coerced. He admitted at the evidentiary hearing that he did not raise his concerns during the plea colloquy and that several days earlier, on April 5, 2018, he had freely and voluntarily signed the written plea agreement, which contained an appellate waiver. Neither the district court nor Alexander's former attorney perceived him to be in noticeable pain at the change-of-plea hearing.

Alexander's former attorney further testified that while he told Alexander that "his medical care would be better once he got to a [federal] Bureau of Prisons facility," he never advised Alexander that receiving adequate medical care was contingent on pleading guilty. To the contrary, shortly after pleading guilty, while still in local custody, Alexander sought the district court's assistance in obtaining

4

medical care to address his kidney stones, and he underwent successful surgery.

In sum, the district court was entitled to credit Alexander's testimony during the Rule 11 colloquy and the testimony of Alexander's former attorney over Alexander's contrary testimony at the evidentiary hearing. *See United States v. Nostratis*, 321 F.3d 1206, 1210 (9th Cir. 2003); *United States v. Snider*, 976 F.2d 1249, 1251 (9th Cir. 1992). After reviewing the record de novo—and finding no clear error in the district court's credibility assessment—we conclude that Alexander's guilty plea, including the appellate waiver, was knowing and voluntary.

The terms of the waiver preclude Alexander from appealing his conviction and sentence. This encompasses Alexander's claim that the district court abused its discretion in denying his motion to withdraw his guilty plea. *See United States v. Rahman*, 642 F.3d 1257, 1259 (9th Cir. 2011); *United States v. Jeronimo*, 398 F. 3d 1149, 1154 (9th Cir. 2005), *overruled on other grounds by United States v. Jacobo Castillo*, 496 F.3d 947, 957 (9th Cir. 2007) (en banc).

**DISMISSED.**